## School District vs. Zink, Treasurer, etc.

*Conversion of Money : Demand and refusal need not be shown. — Certain facts held not to constitute a conversion. — Deposit of principal's money by agent in his own name.*

1. Proof of a demand and refusal of money is not required, where an actual conversion is shown.

2. A town treasurer, supposing defendant to be the treasurer of the plaintiff district, gave him a bank check for the moneys due from the town to the district; and defendant offered to deliver the check to the district treasurer, who refused to receive it, but requested defendant to draw the money and hand it to him. Defendant afterward took from the bank, in exchange for the check, a certificate of deposit in his own name, which he held himself ready to deliver to the district treasurer; but before such delivery was made or tendered, the bank failed. *Held,* not a *conversion* of the money by defendant.

3. Would an agent ordinarily be held guilty of a conversion, who should deposit in his own name money of his principal, the deposit being kept separate from the agent's own funds and its identity not lost?

APPEAL from the Circuit Court for *Dane* County.

In January, 1868, the plaintiff district was entitled to receive from the treasurer of the town of Verona, in said

county, $168.32 for school purposes; and said treasurer gave to the defendant (whom he supposed to be the treasurer of the district, but who was in fact its clerk) a check for that amount upon the "Farmers' Bank," so called, that being the name under which one Slavan was doing business as a banker at Madison, in said county. The complaint avers that the money was paid and received for the use of the district; that on the 13th of February following the district treasurer demanded the money of defendant, who refused to pay it, and has wrongfully converted it to his own use; and that in May, 1868, defendant handed to plaintiff a certificate of deposit in said "Farmers' Bank," which plaintiff agreed to accept at its actual value, which did not exceed $50. Judgment is demanded for the $168.32, less the $50 so paid, with interest, etc. The answer alleges that on the next day after receiving said check (which was payable to bearer), defendant offered to deliver it to the treasurer of said district, informing how and of whom he had received it; and said treasurer requested defendant to keep the money for him until he should demand it, which defendant consented to do; that thereafter, in pursuance of this request, defendant drew the money on said check, and deposited it for safekeeping in said "Farmers' Bank" (which he supposed to be incorporated under the laws of this state and a safe institution), and received from the bank therefor a certificate of deposit payable on return thereof; that afterward, on the 9th of March, 1868, said Slavan became bankrupt, and proceedings in bankruptcy having been instituted against him, he was duly declared a bankrupt, and his estate vested in an assignee for distribution to his creditors, and the estate when fully settled (as plaintiff is informed and believes) will pay about sixty cents on the dollar; that defendant held said money, at the request of said district treasurer, gratuitously, and had been guilty of no negligence in his custody thereof; and was always ready and willing to deliver

the same while in his power, or to assign and deliver said certificate of deposit, to the proper person. There is a further defense, on the ground that defendant, on transferring to the plaintiff the certificate of deposit, had been released by plaintiff from all further claim.

The evidence, which was voluminous, need not be stated. The instructions given to the jury were as follows: "Defendant received from the town treasurer a check for money for the plaintiff, and the next day offered it to the district treasurer. Should you find that the treasurer then told him to keep it, and draw the money and give it to him, this did not authorize defendant to return the check and take a certificate of deposit for the money. If he did so, it was an unauthorized use and conversion of it, and he rendered himself liable for the money, and is still liable, and this action can be maintained, *if there has been a demand for the money and a refusal to pay over.* * * In order to establish a conversion, the demand and refusal must be clearly proven."

Verdict for the defendant; new trial denied; and plaintiff appealed from a judgment on the verdict.

*Welch & Botkin,* for appellant:

The taking of the certificate of deposit by defendant in his own name was an unauthorized act, and was a wrongful conversion of the money, and there was no need of a demand and refusal. 7 Abb. Dig. 161; 2 id. 114; 6 Mod. 212; 12 id. 344; 2 Bulst. 310; 4 Term, 260; 6 East, 538; 6 Bac. Abr. 677; 7 Johns. 254; 10 id. 172; 15 id. 431; 5 Cow. 323; 23 Wend. 462; 2 Selwyn, 1370, note 6; 1 Bailey, 546; 1 N. & M. 592; 1 McCord, 213; 8 Pick. 543; 3 U. S. Dig. 588, § 167; 2 E. D. Smith, 121, 352; 1 id. 203; 31 N. Y. 490.

*Wm. F. & H. Vilas,* for respondent, to the point that defendant's act in depositing the proceeds of his check in the "Farmers' Bank," and receiving a certificate of deposit payable to his order, was not a conversion, cited *Rogers v. Huie,* 2 Cal. 571; *Polk's Adm'r v. Allen,*

19 Mo. 467; *Ringo v. Field*, 1 Eng. 43; 2 Hilliard on Torts (3d ed.), ch. 25, § 8, p. 108.   To the point that the jury ought not to have been instructed to find a conversion without proof of a demand and refusal, -they cited *Weeks v School District*, 8 Wis. 166 ; *Congar v. Chamberlain*, 14 id. 258 ; *Bogert v. Phelps*, id. 88 ; *Bonner v. Ins. Co.*, 13 id. 677 ; *Graves v. The State*, 12 id. 591.

PAINE, J.   If the court below was right in telling the jury that if, after being told by the district treasurer to draw the money on the check and hand it to him, the defendant returned the check and took a certificate of deposit, it was a conversion, it was wrong in saying that, in addition to proving that fact, it was also necessary to prove a demand and refusal in order to sustain the action. A demand and refusal are never necessary to be proved where an actual conversion has already been shown.

But we have come to the conclusion that the judgment ought not to be reversed, for the reason that, upon the facts as stated and claimed by the plaintiff, the defendant ought not to be held guilty of any conversion.   This check was drawn payable to him, and delivered to him by the town treasurer by mistake, the latter supposing him to be the treasurer of the district.   He never used or attempted to use the money in any manner for himself. On the contrary, seeing the mistake, he at once offered the check to the treasurer of the district.   This the latter declined to accept.   He was not acquainted with Slavan, and he thought the town treasurer should give him an order payable to himself.   The only fair interpretation of his evidence is, that he would not accept the check.   For, although he states that he finally told the defendant that he could draw the money on it and hand it to him, yet it is evident that this was not meant as any retraction of his former declination to accept the check. He did not wish to take any responsibility in respect to the check, but if the defendant drew the money on it he would take that.

The complaint evidently proceeds upon this theory, for it does not charge that the defendant received any thing from the district, or the district treasurer, upon any undertaking to act as the agent of the latter; but it charges that he received it from the town treasurer, and, by implication, that he retained it, as such gratuitous bailee, until he converted it to his own use.

This being the case, the check having been placed in his hands without any fault on his part, having offered it to the proper officer, who declined to receive it, he ought not to be held guilty of a conversion for merely substituting a certificate of deposit for the check. That worked no change whatever of the status or title to the fund. Before, he had a check on the bank, payable to him; afterward, he had a certificate of deposit on the same bank, payable to him. He never drew the money at all. He was not bound to draw it. He did not change the condition of the fund. He substituted merely one evidence of a claim upon the bank for another. He was as ready to deliver the certificate as the check to the party entitled to it. If the legal title to the money was in the district while he held the check, it was so after he took the certificate. For this reason there was no conversion, even assuming that, ordinarily, an agent would be guilty of conversion by depositing the money of his principal in his own name. It is probable that that is not necessarily true, where the deposit is kept separate from all the agent's own funds, and its identity is not lost. See *Brown v. Dunham*, 11 Gray, 42. But it is unnecessary to consider that general question. If there was no conversion, no action could be maintained upon such a state of facts, except for gross negligence. And it could hardly be claimed that it was such, merely to leave the money where the town treasurer had deposited it.

For the reason that it clearly appears that the judgment is right upon the evidence, it must be affirmed.

*By the Court.* — Judgment affirmed.