## WHEELER vs. PERELES and another.

CONVERSION: NONSUIT. *Some damages always recoverable for a conversion.*

1. It appearing in an action for the conversion of a policy of insurance on plaintiff's life, assigned to defendant as security for a loan, that the latter had in fact *converted* the policy, by surrendering it to the insurer and taking another in lieu thereof, plaintiff was entitled to *some* damages, and it was error to nonsuit him on the ground that he had failed to bring into court the amount due on account of the loan.
2. What would be the rule of damages in such a case, and what the effect of a present offer by defendant to return the policy, and of plaintiff's failure to pay into court the amount secured by the pledge, not here considered.

APPEAL from the County Court of *Milwaukee* County.

Action to recover damages for the alleged conversion by defendants of an insurance policy for $10,000 on plaintiff's life, issued by the Connecticut Mutual Life Insurance Company, and assigned by the plaintiff to the defendant's testator, in his life time, as security for a loan of money. The complaint alleges that plaintiff tendered to defendants the amount of such loan, and demanded the policy; that defendants refused to deliver it to him; and that its value at the time of such demand, was $9,000; for which sum, together with certain special damages, judgment is demanded.

The answer denies such tender and demand; states the amount of the loan for which the policy was assigned to defendant's testator at a greater sum than is admitted, by the plaintiff; and offers to surrender the policy to him on receipt of the amount of such loan and interest.

The testimony on plaintiff's behalf shows that he demanded the policy of the defendants, at the same time tendering to them the sum which he admits to be due on account of such loan, but that they refused to deliver the policy to him, stating that they had surrendered it to the company by which it

was issued, to be cancelled, and that it had been cancelled, and they had received another policy in place of it, thus putting it out of their power to comply with such demand.

The policy in question was a ten-year nonforfeiting policy, on which all payments of premiums save the last had been duly made.

On defendant's motion, the county judge nonsuited the plaintiff, for the alleged reason that he refused to bring into court the amount due on account of such loan. The plaintiff appealed from the judgment.

*J. J. Orton,* for appellant:

1. A pledge is converted when the pledgee applies or converts it to his own use without the consent of the owner. 2 Kent's Com., 577; Bacon's Abr., " Trover," etc. 2. A pledge cannot be sold except on demand and notice. *Lewis v. Graham,* 4 Abb. Pr., 106; *Stearns v. Marsh,* 4 Denio, 227; *Wheeler v. Newbould,* 16 N. Y., 398. 3. When sold or converted, no demand or tender of payment is necessary. *Wilson v. Little,* 2 N. Y., 443; 2 Caines' Cas., 200; *Esmay v. Fanning,* 9 Barb., 176, and cases cited *supra.* 4. The defendant was bound to restore the identical pledge. 4 Johns. Ch., 490; 7 id., 69; 3 Hill, 596; 7 id., 498. 5. The rule of damages is the value at any time between the conversion and trial. 2 N. Y., 449; Sedgw. Dam., 495; 22 Wend., 348; 2 Edw., 461, 470. 6. The pledgor is not bound to receive the pledge back after conversion; and even if he does, it is no bar to his action for damages. Story on Bailm. (4th ed.), § 269; *Livermore v. Northrup,* 44 N. Y., 107; *Reynolds v. Sheldon,* 5 Cow., 323; *Green v. Sperry,* 16 Vt., 390; Sedgw., 547; *Hanmer v. Wilsey,* 17 Wend., 91; *Murray v. Burling,* 10 Johns., 172. 7. The plaintiff was not required to bring the money into court. If money had been advanced, that was matter of defense, setoff or counterclaim.

For the respondent, a brief was filed by *Finches, Lynde & Miller,* and there was oral argument by *H. M. Finch.* They

argued that plaintiff's tender was not good, unless the money was brought into court (*Pillsbury v. Willoughby*, 61 Me., 274); that the county court had power to make the order permitting the policy to be returned, and plaintiff, having refused to accept the terms of that order, had no error to complain of (*R. & W. R. R. Co. v. Bank of Middlebury*, 32 Vt., 639); and that, until the loan was repaid for which it was pledged, plaintiff could recover neither the policy nor its value.

LYON, J.  The testimony of the plaintiff tended to show a conversion by the defendants of the policy in question; for certainly, if they surrendered the policy for cancellation to the company which issued it, and the same was in law cancelled, that is a conversion, no matter what they received in return for it.  It is equally certain that where property has been actually converted, a demand and refusal is not essential to the maintenance of an action of trover therefor.  *School District v. Zink*, 25 Wis., 636.

If the defendants converted the policy, the plaintiff is entitled to recover *some* damages in this action; and there was sufficient proof of such conversion to send the question to the jury.  Hence the nonsuit was erroneously ordered.

Some very important questions as to the rule of damages, the effect of a present offer by the defendants to return the policy in question, and the failure of the plaintiff to pay into court the amount for which the policy was held as security, were suggested on the argument.  But these questions have not yet been reached in the case, and it would be improper to intimate an opinion upon any of them at the present time.

*By the Court.* — Judgment reversed, and a new trial ordered.