Stevenson v. Valentine.

FANNIE C. STEVENSON, EXECUTOR, ETC., V. E. K. VALENTINE, ADMINISTRATOR, ETC.

[FILED SEPTEMBER 17, 1889.]

1. **Conversion.** "A person who aids in the conversion of personal property is responsible to the owner for its value." *McCormick v. Stevenson*, 13 Neb., 70.

2. **Agent: ADMINISTRATOR DE SON TORT.** When an attorney at law or other person acting as agent for another, known to him

Stevenson v. Valentine.

to be without authority or right, takes possession of the personal property of a deceased person and converts it into money without administration, he will be liable to the lawful administrator for the value of the property so converted and apppropriated, without reference to whether he accounts to the person for whom he acts or not.

3. The Evidence examined, and *held* competent and sufficient to support the findings of the court as set out in the opinion.

ERROR to the district court for Cuming county. Tried below before POWERS, J.

*M. McLaughlin,* for plaintiff in error :

There is no proof that R. F. Stevenson acted with knowledge, and in this respect the case differs from *Peckinbaugh v. Quillin,* 12 Neb., 586, and *McCormick v. Stevenson,* 13 Id., 70. The witness Angeline Bromley is disqualified by sec. 329 of the Code. A degree of interest no greater has frequently been held sufficient to exclude· (*Ransom v. Schmela,* 13 Neb., 73 : *Wamsley v. Crook,* 3 Id., 344; 1 Green. Ev., 386–430 ; *McCartney v. Spencer,* 26 Kas., 65 ; *Heydrick's appeal,* 1 Atl. Rep., 31 ; *Smith v· James,* 34 N. W. Rep., 309; *Witthaus v. Schack,* 11 N. E. Rep., 649; *Conklin v. Snider,* 9 Id., 880; *Forgerson v. Smith,* 3 Id., 869; *Ivers v. Ivers,* 61 Ia., 721.) The testimony of witness Fetter was inadmissible to prove value. (1 Sutherland on Damages, 795, 802.)

*E. K. Valentine,* for defendant in error:

One who meddles with personal property not his own, even by command of a principal, is liable for injury to third parties as if no command had been given. (*Wright v. Eaton,* 7 Wis., 595; *Richardson v. Kimball,* 28 Me., 463; *Elmore v. Brooks,* 6 Heisk. (Tenn.), 45 ; *Ford v. Williams,* 24 N. Y., 359; *Burnap v. Marsh,* 13 Ill., 535 ; *Perminter v. Kelley,* 18 Ala., 716; *Gaines v. Briggs,* 4 Eng. (Ark.), 46 ; *Josseyln v. McAllister,* 22 Mich., 300; *Thorp*

*v. Burling,* 11 Johns., 285; *Spraights v. Hawley,* 39 N. Y., 441.) The remedy provided by sec. 185, ch. 23, Comp. Stats., is not exclusive. (*Jahns v. Nolting,* 29 Cal., 507; *Cooley v. Brown,* 30 Ia., 470.) One not an executor nor administrator, by meddling with the goods of decedent, or otherwise personating the executor, becomes an executor *de son tort.* (Schouler, Ex'rs. and Adm'rs., sec. 190; Herrick & Doxsee's Probate Law, 423–4; *Foster v. Nowlin,* 4 Mo., 18; *Graves v, Poage,* 17 Id., 91; *Magner v. Ryan,* 19 Id., 196; *Blake v. Hawkins,* 98 U. S., 315.) If R. F. Stevenson, in his lifetime, was liable as an executor *de son tort.* his estate is now liable. (*Swift v. Martin,* 2 West. Rep, (Mo.), 146.) A meddler with a decedent's goods is estopped to deny his executorship. (Hilliard on Torts, 329.) He must account to the legal representative for all property coming into his hands (*Crispin v. Winkleman,* 57 Ia., 523); has all the liabilities but none of the privileges of an administrator. (*Johns v. Wooling,* 29 Cal., 507.) The testimony of witness Bromley was competent and corroborated. Only a direct *legal* interest can exclude. (1 Green. Ev., sec. 389; *Evans v. Eaton,* 7 Wheat. [U. S.], 356.) Declarations of an intestate, against interest, are admissible in suit against his administrator. (*Lide v. Lide,* 32 Ala., 449; 1 Green. Ev., 147, 153, 171, 172, 189.)

Reese, Ch. J.

This is a proceeding in error to the district court of Cuming county.

It was alleged in the petition that defendant in error was the duly appointed and qualified administrator of the estate of B. M. Gay, late of Cuming county, deceased, and that said Gay, at the time of his death, was possessed of personal property of the value of $4,284.40, the property being described as one drug store of the value of $2,400; one horse, phaeton, and harness of the value of $130; one

gun of the value of $35; cash on hand of the value of $1,156, and books of account of the value of $563.40; and that soon after the death of said Gay, one R. F. Stevenson obtained possession of said goods, chattels, money, and book accounts, and unlawfully converted the same to his own use, to the damage of plaintiff in the sum named; that afterwards, on the 9th day of March, 1885, the said R. F. Stevenson died testate, and by his will left plaintiff in error as his executrix, who duly qualified and entered upon the duties of said office; that the claims named in the petition had been duly filed in the county court of Cuming county against the estate of said Stevenson, and had been rejected by said court, from which plaintiff in error had duly appealed. There was a prayer for judgment for the sum of $4,265.91, and interest thereon from July 1, 1883.

The answer of plaintiff in error consisted of a general denial.

The cause was tried to the court without the intervention of a jury, and the trial resulted in the following findings and judgment:

"Now on this 25th day of January, 1888, this cause comes on for decision, the same having been heretofore tried, argued, and taken under advisement, and the court, after hearing all the evidence, and arguments of counsel, and being fully advised in the premises, finds · upon the issue joined, and evidence as follows:

"*First.* That the said B. M. Gay died intestate in Cuming county, Nebraska, on or about the 20th day of June, 1883, leaving an estate therein consisting of real and personal property, and also left surviving him a widow and three children living in the state of Connecticut, who were entitled to said property as the heirs of said Gay.

"*Second.* That in about the month of July, 1883, the said R. F. Stevenson was the attorney for one Augustine Bromley, who claimed the property as her own, took

possession of, sold and converted certain of the property of said estate of the value of $4,055.

"*Third.* That said Stevenson was an attorney at law, and the only relation he sustained to said property, was that of attorney for said Bromley, to whom he accounted for the same.

"*Fourth.* That the time he so acted for said Bromley, the said Stevenson was advised of the fact that said Gay left surviving him the widow and children as aforesaid, and that they were entitled to the property of said estate.

"*Fifth.* That the said Valentine is the duly appointed and acting administrator of the estate of said Gay, and that Fannie C. Stevenson is the executrix of the estate of said Stevenson.

"And as a conclusion of law, that the acts of said Stevenson in taking possession of, and selling said property, made him a wrong doer, and liable for the conversion of said property to the estate of Gay.

"And that the plaintiff is entitled to recover from defendant the sum of $4,055, together with interest from August, 1883, at the rate of seven per cent per annum.

"Whereupon defendant submitted a motion for a new trial herein, which was by the court overruled, to which ruling of the court defendant then and there duly excepted, and forty days given said defendant to prepare bill of exceptions.

"It is therefore considered, ordered, and adjudged that the plaintiff have and recover of the defendant the said sum of $5,316.53 damages so as aforesaid found due, to draw interest from this date. And plaintiff recover his costs, taxed at $———."

A number of errors are assigned, which will be noticed in the order in which they are presented in the brief of plaintiff in error:

It is insisted that the evidence is insufficient to sustain

the findings.   This contention is in the main based upon the fact that the principal witness who testified to the material facts was the woman Bromley, with whom Gay unlawfully lived and cohabited for a number of years in West Point, and that her character is such that the estate represented by plaintiff in error should not be invaded upon her evidence.   It must be conceded that if the testimony of this witness stood alone, unsupported by other evidence and circumstances, it could scarcely be deemed sufficient to sustain the case of defendant in error.   But there is not only sufficient corroboration, but from the testimony of substantially all the witnesses, it is certain that after the death of Gay, plaintiff's testator, with full knowledge that the woman Bromley was not entitled to any part of the estate by reason of any marital relation existing between her and Gay, sold the property and collected the money and paid the same to her. as well as the money on hand at the time of Gay's death.   There is no suspicion but that he acted in the best of faith toward his client, and that he paid over to her all he received, less his reasonable fees and charges.   But that could not exonerate him if he acted with full knowledge of the rights of the representative of the estate of the deceased Gay—and of the absence of right on the part of his client.

It was shown by a number of witnesses on the part of defendant in error, that soon after Gay's death plaintiff's testator took possession of the store, took the money from the safe, and has not accounted for it to the estate, also that he sold the store and the other property and converted them into money, and that he has not accounted for any of the proceeds.   The witness Gibbert also testified to the fact of his accompanying the woman Bromley to the state of Connecticut at the request of plaintiff's testator, and receiving from her the sum of $700 which he returned to Mr. Stevenson.

None of these witnesses had any direct legal interest in

the result of the action, and could not be excluded under the provisions of section 329 of the Civil Code.

Under the usually adopted principle of law, that he who intermeddles with personal property which is not his own, must see to it that he is protected by the authority of one who is the owner or has authority to act, or that he will be himself liable; and that if he do an unlawful act, even by the command of another acting as principal and without right, a liability will attach (See *Peckinbaugh v. Quillin*, 12 Neb., 586); we are convinced that a right of action is shown as against Mr. Stevenson and in favor of Gay at the time of the conversion of the property. And had it not been for the death of Mr. Stevenson we are unable to see why he could not have been cited to appear before the county court under the provisions of Sec. 203 of chapter '23 of the Compiled Statutes, as having "disposed of money, goods, and chattels of the deceased," and the fact that in so doing he acted for another known to be without authority would probably afford no justification for his act. Finding no error in the judgment of the district court, it is affirmed.*

JUDGMENT AFFIRMED.

THE other Judges concur.

---

* Upon the application of plaintiff in error the cause was subsequent.y remanded to the district court for an accounting.