WESLEY J. COOK ET AL. V. BYRON F. MONROE.

| 45 | 349 |
|----|-----|
| 54 | 62 |
| 45 | 349 |
| a59 | 491 |
| a59 | 492 |

FILED JUNE 18, 1895.   No. 6222.

1. **Corporations:** OWNERSHIP OF DIVIDENDS. Dividends declared by a corporation upon shares of its stock belong to the parties in whose names the shares of stock are registered in the books of the corporation at the time the dividends are declared, but such dividends may be made the subject of a valid contract, in like manner and to the same extent as other personal property.

2. **Tort-Feasors:** DAMAGES. One who interferes with personal property not his own, at the instance and request or by the authority of another who is not the owner of the property or authorized to act, is a wrong-doer and, as such, liable to the owner of the property for his wrongful act.

3. **Corporations:** OWNERSHIP OF DIVIDENDS: EVIDENCE. The admitted, coupled with the undisputed facts, in this case fully warranted the trial court in directing the jury to return a verdict for plaintiff for the amount claimed.

ERROR from the district court of Washington county. Tried below before OGDEN, J.

*F. W. Fitch* and *D. Z. Mummert,* for plaintiffs in error.

*Jesse T. Davis* and *Edward R. Duffie, contra.*

HARRISON, J.

It is alleged in substance in the petition filed in this action commenced in the district court of Washington county that on January 30, 1892, the defendant in error (plaintiff in the district court and hereinafter referred to as plaintiff) was the owner of twenty shares of the capital stock of the Keeley Institute at Blair, Nebraska, of the face value each of $100, and on that day he sold and transferred the stock stated to Clement L. Hart, one of the plaintiffs in error (hereinafter called defendant and defendants), who, as a consideration of such sale and transfer of stock, executed and delivered to plaintiff his three certain promissory notes in the sum of $1,000 each, payable one in twenty days, one in six months, and one in one year after date, and also conveyed to plaintiff a quarter section of land situated in Howard county. Some time thereafter defendant became dissatisfied with the trade and began an action in the district court of Douglas county against the plaintiff, praying that he might be enjoined from selling or disposing of the notes and land, and that a decree be entered ordering the plaintiff to return the notes to the defendant Hart and reconvey the land to him. During the pendency of the injunction suit, the plaintiff sold and assigned one of the notes to E. H. Monroe, who commenced an action in the district court of Washington county against plaintiff and Clement L. Hart to collect the amount due on the note. That on November 11, 1892, the plaintiff and the defendant entered into a stipulation by which their legal differences arising out of the trade were settled, and which was as follows:

"CLEMENT L. HART, PLAINTIFF, } Stipulation of Dis-
v.                              } missal.
BYRON F. MONROE, DEFENDANT. }

"It is hereby stipulated and agreed by and between the parties plaintiff and defendant in the above entitled cause that this case be, and the same is hereby, dismissed upon the following terms and conditions:

"1. That the defendant herein return to the plaintiff the three certain promissory notes in plaintiff's petition described of one thousand dollars each, dated Blair, Nebraska, January 30, 1892, and payable in twenty days, six months, and one year from the date thereof, respectively, to Byron F. Monroe and signed by C. L. Hart, and re-deed and quitclaim to the plaintiff the land in the plaintiff's petition described, consisting of one hundred sixty acres in Howard county, Nebraska, being the southeast one-fourth ($\frac{1}{4}$) of section twenty-nine (29), township fourteen (14), range nine (9) west of the 6th P. M., as free from incumbrance and bearing as good title as it did January 30, 1892.

"2. The plaintiff agrees to pay the costs now accrued in this cause and in the cause of Monroe v. Hart in the district court of Washington county, Nebraska, and return to the defendant the twenty certain shares of capital stock of the Keeley Institute at Blair, Nebraska, and assign the same to defendant, together with all accretions, interests, and gains thereto belonging, and pay to the defendant the sum of $175."

That pursuant to the stipulation the notes were returned to defendant and the land reconveyed to him, the shares of the stock were assigned to plaintiff's wife, the $175 paid, and the suits at law dismissed. On March 25, 1892, and during the time the shares of stock stood on the books of the Keeley Institute in the name of defendant and were in his possession, the institute declared a dividend, the owner of the shares of stock in question being entitled to the sum

of $252.18, which amount remained in the treasury of the institute until January 4, 1893, and until after the stock was reassigned by defendant and returned to plaintiff; that on the 4th day of January, 1893, the defendant Wesley J. Cook, by means of an order therefor, signed by his co-defendant, drew the $252.18 from the treasury of the institute and appropriated the same to his own use and benefit and to the use and benefit of Clement L. Hart; and it is further charged that this was done with full knowledge on the part of Cook of the conditions of the agreement of settlement between plaintiff and C. L. Hart, and was done for the purpose of cheating and defrauding the plaintiff of the amount stated. Clement L. Hart filed what was denominated a special answer, which contained a plea to the jurisdiction of the court on the grounds that the answering defendant was not a resident of Washington county and not therein at the time the action was begun or the summons issued or served; that any service of process in the suit issued from Washington county and made upon him in Douglas county was illegal and void; that Wesley J. Cook was not a proper party to the action, but was made a defendant for the sole purpose of obtaining service of process upon him in Washington county that a summons might issue to Douglas county to be served there upon the answering defendant. Defendant Wesley J. Cook answered, admitting the declaring of the dividend on the date and in the sum stated in the petition, and alleging that at some date early in the month of January, 1893, he was in Omaha on business of his own and there met his co-defendant, who informed the defendant that the dividend had been declared by the institute and its amount, and that he was the owner of it and requested the answering defendant to draw the dividend and send it to Hart at Omaha, and gave him an order to enable him to receive the money, which he did, and on the 5th day of January, 1893, or the next day after he received the money, he was again in Omaha and

saw his co-defendant and gave the money to him, taking his receipt therefor. It is further stated that this was all done to accommodate Hart and without any compensation, and without knowledge of the stipulation between the plaintiff and Hart, or any of its terms or conditions, or that the plaintiff had or claimed any right or interest in or to the money. It was also alleged that the action was commenced against the answering defendant for the sole purpose of serving process upon him in Washington county in order to give the court there jurisdiction of the case and to issue process to be forwarded to Douglas county and served upon the defendant Hart, there being no cause of action against the answering defendant, and as to all other allegations of the petition this answer was a general denial. A reply was filed to the answer of the defendant, whose answer we have just noticed, which consisted of a denial of the allegation of the payment of the money received from the institute by Cook to Hart, and also a denial that Cook was made a defendant in order that the suit might be maintained in Washington county and summons issued and served upon Hart in Douglas county. A trial was had of the issues joined between plaintiff and defendant Wesley J. Cook, and at the close of the testimony counsel for such defendant moved the court to instruct the jury to return a verdict for the defendant. The court did not do this,‑ but did instruct the jury to return a verdict for plaintiff for the sum claimed, which the jury accordingly did, and after motion for a new trial on behalf of defendants was heard and overruled, judgment was rendered on the verdict, and the case is presented here by an error proceeding on the part of defendants.

There are several questions discussed in the briefs in regard to the ownership of the dividends when drawn and the liability of Clement L. Hart, and also of Wesley J. Cook, to plaintiff, for their amount, based upon the action of these parties in collecting the dividends from the insti-

27

tution. The rulings of the trial court in refusing to instruct the jury, as requested by defendant to return a verdict in favor of defendants, or generally, as set forth in a number of instructions offered and rejected, and also in directing a verdict for the plaintiff, and some other alleged errors, we think, all depend upon the determination of the main questions as to whether Hart had any right, as between him and the plaintiff, to draw the dividends, and if not, and his doing so, or causing it to be done, rendered him liable to plaintiff for the amount received, did the participation of the defendant Cook in the transaction render him also liable to plaintiff for the sum drawn. It is doubtless true that when a dividend is declared by a stock concern or corporation, it belongs, as between the corporation and the owners of the stock, to the person in whose name the stock then appears upon the stock books or lists of the corporation; but a stockholder may sell or transfer his shares of stock with or without gains or accrued dividends, and a dividend which has been declared may be made the subject of a contract, or a contract may be entered into regarding it, in the same manner and to the same extent, and as valid and binding as one in reference to any other kind of personal property. (Cook, Stock & Stockholders, secs. 540, 541; Morawetz, Private Corporations, sec. 162.) The contract embodied in the stipulation pleaded in the petition, and in evidence in this case, was one by which the parties clearly sought to completely rescind the exchange or trade which had at a prior date been effected between them, and without doubt transferred to the plaintiff such a right or ownership to the dividends in controversy as entitled him to bring this action against the defendant Clement L. Hart for drawing them or causing them to be drawn, and receiving and appropriating them to his own use. In reference to the liability or non-liability of the defendant Wesley J. Cook, if all that is claimed in his behalf, that he had no knowledge of the settlement and stipulation between the

plaintiff and Clement L. Hart, or that the plaintiff had or claimed any interest or ownership in or to the dividends, and that he received the order from Hart and took it to Blair and there drew the dividends and carried the amount to Omaha and delivered it to Hart, and, moreover, without the receipt of any compensation for so doing, be true, still must he be held to respond to the suit of the plaintiff for the amount of the dividends, for, as was stated by REESE, J., in the case of *Stevenson v. Valentine,* 27 Neb., 338: "Under the usually adopted principle of law that he who intermeddles with personal property which is not his own must see to it that he is protected by the authority of one who is the owner or has authority to act, or that he will be himself liable; and that if he do an unlawful act, even at the command of another acting as principal, and without right, a liability will attach." In the case at bar Clement L. Hart possessed no further right as against or relative to the right of plaintiff to draw, or exercise any acts of ownership in respect to the dividends, and consequently could confer no valid authority upon Cook to perform any such acts, and the act by which Cook obtained possession of the dividends was wrongful, although it was by or through the request or order of Hart, for whom and at whose instance he claims he was acting in collecting the dividends from the institute. His receipt of the money embraced in the dividends was wrongful and he must abide the consequences. Nor will it avail him as a defense to the action of the plaintiff for the property or money so received that he has delivered or paid the same to the party for whom he claims to have drawn it. (Dicey, Parties to Actions, 277.) On the admitted or undisputed facts of the case, the action of the trial court in directing a verdict for the plaintiff was fully warranted and proper. The judgment of the district court is

AFFIRMED.