## PINKIE BOSTIC and JOE BOSTIC v. SID WATSON.

Western Section. February 5, 1926.

No petition for Certiorari was filed.

Trover and conversion. The illegal taking of personal property is sufficient to support an action in trover for conversion.
  In an action for conversion the rule is well established that an illegal taking or wrongful assuming of a right to personal property, the very manner of the taking or the holding of the property constitutes a conversion and no further step is necessary to perfect the right of action, since the right of action is complete.

Appeal in Error from Circuit Court, Shelby County; Hon. M. R. Patterson, Judge.

Reversed and remanded.

H. B. Moriarity, of Memphis, for plaintiff in error.

Bell & Phillips, of Memphis, for defendant in error.

HEISKELL, J. Joe Bostic and Pinkie Bostic are husband and wife. They each brought suit against the defendant Sid Watson before a justice of the peace for the conversion of certain furniture, household goods, wearing apparel, etc. The magistrate decided the cases against the plaintiffs, they appealed to the circuit court; the suits were consolidated and on trial without a jury were dismissed by the judge. The plaintiffs have appealed and assigned errors.

The material facts are: The plaintiffs rented a house in Memphis from the defendant. Joe Bostic went to Missouri to work and afterwards his wife, Pinkie Bostic, left to visit him. Defendant was informed that their absence would be temporary and that the rent would be promptly paid. They were not in arrears in paying rent, except that the person to whom they sent the money in time to pay rent when due on the 14th perhaps did not offer to pay until the 15th or 16th. About which time the defendant broke into the house through a window and moved certain furniture, household goods, wearing apparel, etc., belonging to the plaintiffs, out of the house

and into an outhouse belonging to defendant on an adjoining lot. Pinkie claimed and testified that her property so handled by the defendant was worth $270.20 and Joe Bostic that his property was worth $84.80. There is proof that certain furniture which plaintiffs had purchased on the installment plan was repossessed by the vendor at this time, but plaintiffs testify that this does not enter into their claims. There is difference between the plaintiff and the defendant as to the amount of property moved out of the house and the value thereof. There is also proof tending to show that the property was damaged by being moved out in the rain, and in the manner of storing. There is also proof tending to show that the defendant offered to return the goods which he admitted taking.

These cases were submitted to the court and taken under advisement and afterwards in rendering a decision the judge said:

"In this case I find from the evidence that the defendant, Sid Watson, unlawfully entered the home of the plaintiffs during their absence and moved therefrom various articles of clothing, wearing apparel, household furniture and furnishings and unlawfully moved them from the premises and put them in an outhouse in the rear of the house on the adjoining premises and that he moved several other articles of furniture, household goods, etc., in the house of the plaintiffs' to other parts of said house, so as to make room for another tenant to whom the defendant Sid Watson, had rented it. I further find that the premises were unlawfully entered and the property taken and removed prior to the termination of the plaintiffs' tenancy and that said premises were leased to another tenant prior to the termination of the expiration of the tenancy of the plaintiffs and without any notice to the said plaintiffs. I further find that the property of the plaintiffs which was unlawfully taken and moved was damaged; but I find that the defendant did not appropriate the property taken and moved, to his own use, and at the time of the taking did not intend to appropriate it to his own use and offered to return the property taken and moved to the plaintiffs, when they returned to the city. I feel that the plaintiffs would be entitled to recover for the damage done to their property, if the action was in trespass, but this action is for conversion and I therefore find for the defendant, and enter judgment accordingly."

Motion for new trial was overruled and appeals perfected.

The assignment of error contend that according to the finding of facts by the circuit judge that the defendant unlawfully entered the home of the plaintiffs and moved the property in question, it was error to hold that an action would not lie for conversion of the property.

In the case of Drew v. Spaulding, 45 N. H., 472, this statement is given of the law on this subject:

"The wrongful taking, of the goods of another, who has the right of immediate possession, is of itself conversion, and, whenever trespass will lie for taking goods of the plaintiff, trover will also lie."

And in Meyer v. Doherty, 113 N. W., 671, 133 Wis., 398, 13 L. R. A. (N. S.), 247, we find this:

"In an action for conversion the rule is well established that in an illegal taking or wrongful assuming of a right to personal property, the very manner of the taking or the holding of the property constitutes a conversion and no further step is necessary to perfect the right of action, since the right of action is complete."

The statement of the law as given above is fully supported by the Tennessee cases: Bank v. Trenholm, 12 Heis., 521; Hunt v. Walker, 12 Heis., 551, citing Houston v. Dyche, Meigs, 77; Traynor v. Johnson, 3 Head, 44; Schwartz v. Hearn, 2 Higgins, 666.

The taking possession by the defendant being illegal the conversion was complete and the plaintiffs had the right to sue in trover for the conversion. It is not necessary to consider the assignments of error further. The case is reversed and remanded for a new trial. The defendant will pay the cost of the appeal.

Owen and Senter, JJ., concur.