AMY SPRAGUE, APPELLEE, v. ALLIED MILLS, INC., ET AL., APPELLANTS.

FILED JULY 9, 1935. No. 29327.

*Gaines, McGilton, McLaughlin & Gaines, Morgan, Sutton & Fromkin* and *Foster & Yates,* for appellants.

*Wear, Garrotto & Boland, Robert E. McCormack* and *G. F. Nye, contra.*

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY, PAINE and CARTER, JJ.

GOSS, C. J.

Plaintiff sued defendants for damages for conversion of her household goods. From a judgment against both defendants, they appealed. They briefed and argued their assignments of error separately. To save words, we do not set out here their separate assignments but shall endeavor to state them sufficiently as we proceed.

Both defendants say the court erred in not sustaining their motions for directed verdicts. Plaintiff is a married woman, the wife of Dr. A. W. Sprague, veterinarian. They had lived in Omaha since 1925. Dr. Sprague had gone to Oswego, New York, and about March 1, 1932, Mrs. Sprague stored her household goods with the Gordon Storage Warehouses, Inc. She testified that she owned the goods. She was later furnished by the storage company at its office a typewritten list of them which showed that the storage company had listed them in her name as "Mrs. A. W. Sprague." On its ledger, showing all charges for packing, cartage and storage as paid, it carried the account in the name of A. W. Sprague. She had gone to New York after the goods were stored and letters had been written her by the storage company, in which she was addressed as Mrs. A. W. Sprague. In that name she purchased a $25 money order at Oswego and mailed it to the company in July, 1932. The company returned it by letter dated July 9, 1932, addressed to "Mrs. A. W. Sprague," stating that "your goods were sold by the constable on June 13 to satis-

fy a judgment of the Allied Mills, Incorporated." The representative of the storage company, who went to the house of plaintiff to examine the goods, to bid on the business and to arrange for the storage, testified that he asked plaintiff her husband's name and entered it in his notebook as "Dr. A. W. Sprague," followed by the house address. A clerk from the office of the county assessor identified a tax return for 1930, purporting to have been made by A. W. Sprague, scheduling household goods from the same address as the Sprague home. This was admitted and went to the jury for what it was worth. We think the evidence was sufficient to submit to the jury and for the jury to find that plaintiff owned the household goods.

Allied Mills, Inc., sued Arthur W. Sprague in the municipal court on a promissory note for $523.24, and on March 16, 1932, filed its affidavit in attachment on the ground of nonresidence of the defendant, obtaining a garnishment order against Gordon Van & Storage Company. On March 24, 1932, Gordon Storage Warehouses, Inc., formerly Gordon Van & Storage Company, answered as garnishee that it had "in its possession property belonging to the * * * defendant as per ·the attached list," setting up the list of household goods stored by plaintiff here, the list showing the name of "A. W. Sprague, No. 11244" at the head thereof. The evidence shows that all these goods were sold June 13, 1932, under the order of sale in the garnishment proceeding, for $100. The expenses of sale, $7.10, and the storage bill of $37.30, were deducted and the balance paid to Allied Mills, Inc. Mrs. Sprague had no notice of the proceedings or sale until in July, 1932, when she received the letter from Gordon Storage Warehouses, Inc. The record does not show that this defendant made any attempt whatever to defend the garnishment action or to postpone the sale until it could get notice to her. It claims as an excuse that she had left for New York and it had not yet received her address. We are of the opinion that, under the evidence and consequent finding by the jury, she was the owner, rather than her husband, that she did not

store the goods in the name of her husband, and that the participation of Gordon Storage Warehouses, Inc., in the sale of plaintiff's household goods and furniture for the debt of her husband amounted to a wrongful conversion, for which it was liable. See Comp. St. 1929, sec. 88-110.

Allied Mills, Inc., filed its affidavit for attachment and garnishment and thus began the proceedings which ended in the sale and conversion of plaintiff's property. The proceedings resulted in a sale of the goods of plaintiff as if they were the goods of Dr. Sprague, a debtor of Allied Mills, Inc. While Allied Mills, Inc., relied on the garnishment answer of the storage company that it had in its possession goods of the debtor, it turned out in a trial by jury that these goods did not belong to the garnishment debtor. Can Allied Mills, Inc., be heard to say that it did not thereby participate in the conversion of the goods of the real owner? We think not. The act of the Gordon Storage Warehouses, Inc., attempted in effect to transfer the title of the household goods belonging to Mrs. Sprague to her husband so that Allied Mills, Inc., could take advantage of that act and, by attachment proceedings, cause the title thus changed to pass to the purchaser at judicial sale. Both Gordon Storage Warehouses, Inc., and Allied Mills, Inc., acted tortiously and both became liable to Mrs. Sprague, the real owner of the property, for conversion.

"A person who aids in the conversion of property is responsible to the owner for its value." *McCormick v. Stevenson*, 13 Neb. 70. See *Stevenson v. Valentine*, 27 Neb. 338; *Starr v. Bankers Union of the World*, 81 Neb. 377.

Error is assigned because plaintiff was permitted to testify as to the value of her furniture. She had answered that she knew its fair and reasonable market value and then was permitted, over objection, to testify what that value was. "A husband and wife are competent to express an opinion as witnesses concerning the value of their own household furniture." *Lincoln Supply Co. v. Graves*, 73 Neb. 214. See, also, *Neal v. Missouri P. R. Co.*, 98 Neb.

460; *Thomas v. Scoutt,* 115 Neb. 848; *Folken v. Union P. R. Co.,* 122 Neb. 193.

Plaintiff testified her goods were worth $3,500. The verdict was $1,225. A second-hand dealer testified they were worth $115. It is assigned that the judgment in the amount of the verdict was excessive. From the evidence, which was meager, we cannot find that it was excessive. In a law action, under conflicting evidence, the amount of damages is a question for the jury.

Two instructions are criticized as erroneous. One follows the other. Construed as a whole, as they should be, they do not contain prejudicial error. "On appeal, instructions to a jury should be construed as a whole, and when, so construed, they fully and fairly state the law applicable to the issues and the evidence, harmless errors in instructions considered separately do not require the reversal of the judgment below." *Iden v. Evans Model Laundry,* 121 Neb. 184.

Other assignments of error have been considered and are overruled. The judgment of the district court is

AFFIRMED.