UNITED STATES of America, Plaintiff,

v.

FULLPAIL CATTLE SALES, INC., and Commercial State Bank, Defendants.

No. 85–C–288.

United States District Court,
E.D. Wisconsin.

Sept. 17, 1985.

Joseph P. Stadtmueller, U.S. Atty. by Stephen J. Liccione, Asst. U.S. Atty., Milwaukee, Wis., for plaintiff.

Grodin & Grodin by Russell M. Lein, Milwaukee, Wis., for Commercial State Bank.

Angela E. Canellos, Wauwatosa, Wis., for Fullpail Cattle Sales, Inc.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The plaintiff brings this action to recover the unpaid balance and interest on certain loans made by the Farmers Home Administration (FmHA). Both defendants moved to dismiss the original complaint. The plaintiff then moved to amend its complaint; the court granted this motion at the status conference held in this case on July 23, 1985. Each defendant has now moved to dismiss the amended complaint for failure to state a claim upon which relief can be granted or, alternatively, for judgment on the pleadings, pursuant to Rule 12(b), (c), and (h)(2), Federal Rules of Civil Procedure. and for failure to join a necessary party, pursuant to Rule 12(b)(7) and Rule 19. The defendants' motions will be denied.

Review of a Rule 12 motion to dismiss is limited to the allegations of the complaint. *Powe v. City of Chicago*, 664 F.2d 639, 642 (7th Cir.1981). The court, as it must, accepts these factual allegations as true and views the reasonable inferences drawn therefrom in the light most favorable to the plaintiff. *Id.* The complaint will be dismissed only if it appears beyond doubt that the plaintiff can prove no set of facts in support of its claim which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

The complaint, as amended, alleges, in substance, that John D. and JoAnn M. Reysen obtained loans totalling $100,000.00 from the FmHA in July 1981 and March 1982 which they used to purchase cattle, using the cattle as security for the loans. It is further alleged that in July 1981 the Reysens entered into a consumer credit transaction with defendant Commercial State Bank (Bank), and that defendant Fullpail Cattle Sales, Inc. (Fullpail) subsequently assigned its interest in this transaction to the Bank. In March 1982, Mr. Reysen allegedly entered into a consumer credit transaction with Fullpail, which in turn assigned its interest in the transaction to the Bank.

The plaintiff avers that on November 1982 the defendants seized and removed 42 head of cattle from the Reysen's farm in which the plaintiff had a first security interest. According to the complaint, the defendants thereby unlawfully converted this property to their own use. Because the Reysens are now in default on the FmHA loans, the plaintiff seeks from the defendants the amount due and owing on the loans secured by the cattle, plus interest.

The defendants first contend that the amended complaint does not allege the requirements of a conversion. It is well-established that conversion actions can be used to enforce the rights of secured parties against transferees. *Production Credit Ass'n of Madison v. Nowatzski*, 90 Wis.2d 344, 353, 280 N.W.2d 118 (1979)). This is not a contract action to recover on the FmHA loans themselves, as the bank suggests by its citation to Wis.Stat. § 403.-401. The present action is a tort action to recover for the conversion of property in which the plaintiff claims it has a first secured interest.

In order to recover in a conversion action, the plaintiff must allege and prove that it had possession, or the right to immediate possession, of the property in issue at the time of the conversion. *Production Credit Ass'n of Chippewa Falls v. Equity Coop Livestock Sales Ass'n*, 82 Wis.2d 5, 10, 261 N.W.2d 127 (1978); Prosser and Keeton, Law of Torts § 15, p. 102 (5th ed. 1984). The plaintiff does not allege that it was in possession of the cattle at the time of the conversion. The question rather is whether the plaintiff has sufficiently alleged that it was entitled to immediate possession of the cattle at such time.

■ The plaintiff's right to immediate possession, in turn, depends upon whether the debtors were in default at the time of the conversion. Wis.Stat. § 409.503 ("Unless otherwise agreed, a secured party has on default the right to take possession of the collateral.") In contrast to *Equity Coop, supra,* 82 Wis.2d at 12, 261 N.W.2d 127, the relevant security agreements between the plaintiff and the debtors, John and JoAnn Reysen, incorporated by reference in the amended complaint, expressly prohibit the debtors from selling or otherwise disposing of loan collateral, which allegedly includes the cattle in issue, or permitting others to do so without the FmHA's written consent. Ex. C, p. 2, ¶ B; Ex. D, p. 2, ¶ B. Thus, according to a reasonable reading of the complaint, when the defendants seized the cattle, thereby causing a violation of the security agreements, a default occurred. *See* Wis.Stat. § 409.311; *Nowatzski, supra,* 90 Wis.2d at 351–53, 280 N.W.2d 118. The plaintiff, therefore, had the right to immediate possession of the cattle at the time of the default, which coincided with the alleged conversion by the defendants.

Fullpail argues that it is unclear whether the plaintiff had a security interest in the converted cattle superior to that of the defendants. Resolution of this dispute concerns the merits of the case and not the sufficiency of the plaintiff's complaint.

■ Nor is the plaintiff in this case required under the law of conversion to allege that it made a demand for return of the seized cattle and that the defendants refused such demand. In *Johnson v. Ashland Lumber Co.,* 45 Wis. 119, 120 (1878), the Wisconsin Supreme Court held that it is sufficient to allege an unlawful conversion without alleging a demand and refusal. In addition, it is reasonable to infer from the plaintiff's complaint an allegation that the defendants sold the cattle after seizing them. A demand is unnecessary where, as here, it would be impossible, in practical terms, for the defendants to return the cattle. *See Union Naval Stores Co. v. United States,* 240 U.S. 284, 293, 36 S.Ct.

308, 312, 60 L.Ed. 644 (1916); *Meyer v. Doherty,* 133 Wis. 398, 405, 113 N.W. 671 (1907).

■ The defendants also suggest that the action should be dismissed because the government's request for damages in the amount of the unpaid balance of the FmHA loans to the Reysens is inconsistent with the proper measure of damages for conversion. The defendants contend that the plaintiff's damages are limited to the value of the property at the time of the conversion, plus interest to the date of trial. The defendants, indeed, may be correct in this regard. *See Nowatzski, supra,* 90 Wis.2d at 354, 280 N.W.2d 118. That the plaintiff may not be entitled to all the relief it seeks, however, in no way suggests that it has failed to state a claim upon which *any* relief may be granted.

■ Finally, the defendants assert that the plaintiff's complaint should be dismissed for failure to join necessary parties, the Reysens, to this action. The Bank suggests that the Reysens are indispensable, as opposed to necessary, parties. The question of indispensability only arises where the parties in question cannot be joined by the court. There is no evidence, other than the bank's unexplained labelling of the Reysens, that the court could not order the Reysens joined if it found them to be necessary parties. Fed.R.Civ.P. 19(a) and (b).

Under Rule 19(a), a party is necessary if
"(1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence May (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."

Applying this standard to the present case, it is clear that the Reysens are not necessary parties. As previously discussed this is an action for conversion against the al-

leged converters. This is not a contract action against the breaching party, the Reysens. Therefore, complete relief for the alleged unlawful conversion can be accorded without the Reysens.

Nor will disposition of the present action in the Reysens' absence as a practical matter impair their ability to protect their interests. The Reysens are neither parties to this action nor in privity with any party with respect to the alleged conversion. Thus, they will not be bound, under principles of res judicata, by the disposition of this case.

Further, the absence of the Reysens will not subject any party in this action to multiple or inconsistent obligations. To the extent the government recovers from the defendants, it will not be able to obtain duplicate recovery if it later sues the Reysens. Moreover, if the defendants believe that the Reysens are liable for any part of the plaintiff's claim herein, they may seek to join the Reysens by a third party complaint. See Fed.R.Civ.P. 14(a).

Therefore, IT IS ORDERED that the defendants' motions be and hereby are denied.

IT IS ALSO ORDERED that a pretrial conference in this case be and hereby is scheduled for Friday, October 11, 1985, at 9:30 A.M. By this date, the parties shall complete all discovery, exchange their lists of witnesses, and disclose to each other the documentary evidence they intend to rely on at trial.

IT IS FURTHER ORDERED that trial to the court of this case be and hereby is scheduled for Monday, October 21, 1985, at 9:30 A.M.

Both the pretrial conference and the trial will be held in courtroom 225, 517 East Wisconsin Avenue, Milwaukee, Wisconsin.