53  123
53  127

GRANITE STATE FIRE INSURANCE COMPANY V. BUCK-STAFF BROTHERS MANUFACTURING COMPANY.

FILED DECEMBER 21, 1897.    No. 7765.

1. **Insurance**: PROOF OF LOSS: CLASSIFICATION OF PROPERTY. The general allegation in a petition that certain insured property, otherwise fully described, was real property, does not require that the insured, in making proofs of loss in an action on a policy, should show that the property was real property and totally destroyed and thereupon rely upon the provisions of the valued policy law; but he may show the value as it was just before the fire, and its value just after, as affording data for the assessment of his damages, without attempting to classify the property as real or personal.

2. ———: VALUE OF PROPERTY: EVIDENCE. Where there was evidence which showed that the property had been totally destroyed and that its value before such destruction was of a certain amount, the jury was justified in accepting this testimony as the basis for a recovery by the plaintiff, notwithstanding the fact that there was evidence contradictory of each of these propositions.

ERROR from the district court of Lancaster county. Tried below before HALL, J. *Affirmed.*

*Sylvester G. Williams* and *Stevens, Love & Cochran*, for plaintiff in error.

*Charles O. Whedon, contra.*

RYAN, C.

On October 14, 1892, the Buckstaff Brothers Manufacturing Company, a corporation, effected an insurance of

its property with the Granite State Fire Insurance Company. The three several items insured, as well as the insurance thereon, were described in the policy as follows:

"$1,000 on the following property hereinafter described and situated on block 105, Lincoln, Nebraska, to-wit:

"$225 on its one-story gravel and board roof buildings, all adjoining and communicating and occupied by the assured as a boiler and engine house, brick machinery room, clay mixing rooms, and dry tunnels building; $13,500 total insurance permitted on above item;

"$75 on boilers, foundations, settings, and iron smoke stack, engines, foundations and settings, pumps and all their immediate connections while contained therein; $4,500 total insurance permitted on above item;

"$700 on fixed and movable machinery of all kinds (except engines, boilers, and pumps), shafting, belting, gearing, hangers, pulleys, conveyers, brick machines, clay crushers, pug mills, iron cars, trucks, tracks, pallets, blowers and fans, tools, implements, millwright work, steam and water pipes, while contained therein; $42,000 total insurance permitted on above item."

On February 16, 1893, while this policy was in force, the property insured was greatly damaged and, as insisted by the insured, was totally destroyed. In an action brought on this policy in the district court of Lancaster county there was a judgment upon a verdict for the total insurance, $1,000, with interest at seven per cent per annum from the date of the loss.

In the petition in the district court there were the allegations: "That on the date last aforesaid and continuously from that time (October 14, 1892) to the time of the fire and the loss hereinafter mentioned said property was used for the purpose of manufacturing brick, and said property was real property and was all used by the plaintiff in the process and business of manufacturing brick at the time of the fire hereinafter mentioned and prior

thereto, and said property constituted a brick manufactory when burned." Plaintiff in error, all through the trial, insisted, and now insists, that the averment that the property destroyed was real property necessarily so qualifies the right to recover that no recovery could be had for the loss of personal property. In the petition the property alleged to have been destroyed was described in the same language employed in the policy descriptive of that insured. Plaintiff in error asked the district court to instruct the jury that there was no dispute as to the amount payable under the first item in the policy, provided the insurance company was liable. We shall therefore omit further reference to this item. In his testimony J. A. Buckstaff, president of the defendant in error, said that the entire property was destroyed, was burned up, that everything combustible was burned except a part of the shed over a part of the kilns, and that the fair market value of the second item just before the fire was $7,000, and of the third item was $46,-000. There was no effort made by the company of which Mr. Buckstaff was president to describe what parts of the second item were personal, as distinguished from real property, neither was there such an effort with reference to the constituent parts of the third item. The contentions of the plaintiff in error that a recovery could be had for only so much of the loss as affected real property is with respect to an immaterial matter. If the insured had shown that the entire property covered by the policy was real property and had been totally destroyed, he might have rested upon the presumption raised by statute that the value fixed in the policy was the amount for which a recovery should be had. But this right did not prevent the insured from showing, as independent facts, the actual losses, whether to real or personal property, and this we think was done by the above evidence to such a degree of certainty that the jury was warranted in acting upon it notwithstanding testimony of a contradictory character. The amount of

concurrent insurance, including that evidenced by the policy issued by the plaintiff in error, was $49,500. The loss, if we accept Mr. Buckstaff's testimony as correct, was $53,000. The fact of concurrent insurance, therefore, did not serve to prevent a recovery for $1,000, the total amount of the insurance under the policy of plaintiff in error, with interest thereon.

It is urged that there should have been submitted to the jury 24 requests for special findings. It has been held by this court, repeatedly, that the submission of interrogatories, for the purpose of eliciting special findings, is largely a matter of discretion resting with the trial court. (*Floaten v. Ferrell*, 24 Neb. 353; *Nebraska & Iowa Ins. Co. v. Christiensen*, 29 Neb. 581; *Atchison, T. & S. F. R. Co. v. Lawler*, 40 Neb. 356; *Hedrick v. Strauss*, 42 Neb. 485.) We have not been able to see in what respect there was an abuse of the discretion of the trial court in its refusal to require the jury to make the special findings requested.

It is not necessary to review the alleged errors in overruling challenges to proposed jurors, for the answers of each, on his *voir dire* examination, fully justified the trial court in its assumption that the proposed juror could determine this case independently of ideas entertained with reference to another case, arising out of the same fire, in which some of the proposed jurors had served as jurors.

There is discovered no error in the record and the judgment of the district court is

AFFIRMED.