## The Standard Fire Insurance Co.

v.

## Margaret J. Wren.

1. INSURANCE—DAMAGES.—In an action upon a policy of insurance for a loss thereunder, upon a question of the amount or value of the goods destroyed, the policy is no evidence, and an instruction to that effect correctly states the law and its refusal is improper.

2. PRACTICE.—A rule of court required that all instructions should be handed to the judge before the commencement of the final argument, but where the occasion for an instruction arises after the final argument has commenced, such a rule is manifestly unreasonable, as it altogether deprives the party of his right to have the jury properly instructed.

APPEAL from the Circuit Court of Cook county; the Hon. Kirk Hawes, of the Superior Court, sitting as Circuit Judge, presiding. Opinion filed July 25, 1882.

Messrs. Needham & Miller, for appellant; that evidence of what was paid for an article is competent to be submitted to the jury in an action for its loss, upon the question of the value of the article, cited Abbott's Trial, Ev. 489; Graham v. Penn Ins. Co. 2 Wash. C. C. 113.

The value of the property, as stated in the policy, is not evidence of its value at the time of the loss: Cox v. Charleston Ins. Co. 3 Rich, 331; May on Insurance, § 7; Ill. Mut. F. Ins. Co. v. Andes Ins. Co. 67 Ill. 362.

Standard Fire Ins. Co. v. Wren.

The measure of damages is the actual cash value of the property at the time the fire occurred: Carson v. Marine Ins. Co. 2 Wash. C. C. 468; Hoffman v. West, Marine Fire Ins. Co. 1 La. An. 216; May on Insurance, 531.

Where a verdict is manifestly against the weight of evidence, a new trial should be granted: Baker v. Pritchett, 16 Ill. 66; Higgins v. Lee, 16 Ill. 495; Gordon v. Crooks, 11 Ill. 142; McCarthy v. Mooney, 41 Ill. 300; T. W. & W. R'y Co. v. Moore, 77 Ill. 217; Belden v. Innis, 84 Ill. 78.

No recovery can be had if the assured has committed fraud in making up proofs of loss: Wood on Fire Insurance, 431; Geib v. Int. Ins. Co. 1 Dillon, 441; Gienier v. Mon. Ins. Co. 7 L. C. Jur. 100; Sibley v. St. P. F. & M. Ins. Co. 8 Ins. L. Jour. 461; Sleeper v. N. H. Ins. Co. 5 Ins. L. Jur. 538; Ferris v. Nat. Fire Ins. Co. 1 Hill, 71; Wall v. How. Ins. Co. 51 Me. 32; Regnier v. La. St. M. & F. Ins. Co. 12 La. 336.

Mr. PLINY N. HASKELL, for appellee.

BAILEY, J.   This was an action of assumpsit brought by Margaret J. Wren, against the Standard Fire Insurance Company, to recover for a loss under a policy of insurance issued by the defendant to the plaintiff.   By the policy, the defendant insured the plaintiff for the term of one year, from the 14th day of May, 1877, against loss or damage by fire to the amount of $1,500, on the saloon furniture and fixtures, pool-table and stock of liquors, cigars, etc., contained in a building occupied by her as a saloon.   On the 6th day of August, 1877, a fire occurred by which her property insured, or a considerable portion of it, was damaged or destroyed.   The principal controversy at the trial turned upon the question of the amount and value of the property insured at the date of the loss, and on that question the evidence was conflicting, confused and in some respects unsatisfactory.   The defendant asked the court to give to the jury among other instructions, the following, which was refused.

"The jury are instructed that the amount of the policy is no evidence of the amount or value of the stock, furniture or fixtures, at the time the policy was issued."

There can be no doubt, we think, that this instruction states the law correctly. ' The policy is not a valued, but an open one and no value was placed upon the property in any form, either in the policy itself, or in any application or other paper executed by the parties at the time the insurance was effected. By its terms, the policy insured the plaintiff "against loss or damage by fire to the amount of $1,500," that amount being distributed in various sums on the several items of property insured, the amount of loss or damage to be adjusted according to the actual cost value of the property at the time of the loss." Here was no admission either express or implied, that at the date of the policy, the property insured was worth the sum named in the policy or any other sum, but the value was left to be determined by evidence after a loss.

The defendant's counsel, however, does not call in question the correctness of said instruction, but its refusal is sought to be justified by the following rule of practice adopted and in force in the court below.

" All instructions on the part of the plaintiff and defendant must be presented to the court before the commencement of the final argument to the jury, or they will not be examined by the court."

The instruction was presented to the court during the final argument to the jury. The record shows, however, that when the evidence at the trial was closed, the counsel for the plaintiff waived the opening argument to the jury, and only made a closing argument in reply to the argument of the defendant's counsel; that in his closing address, in order to show the amount of merchandise in the saloon at the time of the fire, he called the attention of the jury to the amount, viz., $1,000, insured on the liquors, cigars, etc., and argued that the amount of the insurance was evidence of the value of the merchandise on hand at the date of the policy, and that by deducting from that sum the sales up to the date of the fire which, as he construed the evidence, amounted to $375, left $625 as the value of the merchandise on hand at the time of the fire. While he was making such argument the defendant's counsel drew and presented to the court the foregoing instruction. The judge who presided at the trial certifies that during the closing

argument he was engaged in the examination of instructions, and did not hear said statements of counsel and that his attention was not called to them until after the jury had brought in their verdict.

It is a well-established principle, that all courts of record possess an inherent power to adopt and establish rules of practice, but such rules, in order to be valid must be reasonable.   Beveridge v. Hewitt, 8 Bradwell, 467.   It is no doubt· reasonable, ordinarily, for the circuit court to require counsel to hand up their instructions before the commencement of the final argument to the jury, so as to give the judge time to examine and pass upon them with due deliberation.   But where the occasion for the instruction arises after the final argument has commenced, such rule is manifestly unreasonable, as it altogether deprives the party of his right to have the jury properly instructed.   In construing the rule of the circuit court above cited, then, we must hold that it can have no application to instructions, the occasion for which arises after the expiration of the time limited by the rule.   The instruction in this case having been drawn and presented to the court with all reasonable dispatch after the course of the counsel's argument gave rise to the necessity for such instruction, it must be held to have been presented in apt time, and it became the duty of the court to give it to the jury.

Nor do we see that the error is at all obviated by the fact that the judge was engaged in examining the instructions already presented, and did not hear or observe the remarks of counsel which made the instruction necessary.   The defendant's counsel in handing up the instruction, had a right to suppose and presume that the judge heard and was aware of what had occurred in his presence, and was therefore excused from calling his attention to it.   The fact that the judge did not hear the remarks of counsel, rendered error in refusing the instruction no less prejudicial to the defendant, and on being advised of what had thus escaped his attention, he should have made amends to the defendant by awarding him a new trial.

For the error in refusing to give said instruction, the judgment will be reversed and the cause remanded.

Judgment reversed.