M. W. THOMPSON ET AL. V. JOHN T. WERTZ.

FILED JUNE 5, 1894.   No. 5321.

1. **Review**: ADMISSION OF EVIDENCE: PLEADING.   The proof must be confined to the issues as made by the pleadings, and the admission of irrelevant testimony in a case tried to a jury is prejudicial error where it may have influenced the verdict.

2. **Witnesses**: IMPEACHMENT.   A party cannot impeach a witness by showing written or oral statements made by him contradicting his evidence without first calling his attention to such statements on cross-examination and asking him whether or not he made them.

ERROR from the district court of Howard county.   Tried below before COFFIN, J.

*Paul & Templin,* for plaintiffs in error.

*Meiklejohn & Thompson* and *T. T. Bell, contra.*

IRVINE, C.

The defendant in error was the plaintiff in the district court and in his petition alleged that the plaintiffs in error, the defendants below, employed plaintiff as a traveling salesman under an oral contract, by the terms of which they guarantied to plaintiff a salary of $2,000 per year; that in compliance with said contract plaintiff performed services for defendants, by reason of which services defendants became indebted to plaintiff in the sum of $514.97, which amount was due and unpaid, and for which plaintiff

prayed judgment. The defendants answered, denying every allegation not specifically admitted; then alleging that in November, 1888, the plaintiff was desirous of entering their employment as a salesman; that he claimed he was well acquainted with certain territory, including the state of Nebraska, and that he could sell therein a large amount of goods, as large as $50,000 per year, and that thereupon he was employed under a contract as follows: That he should sell not less than $30,000 per annum; that the cost of selling such goods should not exceed seven per cent, and that if he should sell said sum of $30,000 per annum he could draw a salary at the rate of $2,000 per annum and also have his traveling expenses advanced, and that if either party became dissatisfied such party could terminate the contract at his will. Defendants further allege that the employment of plaintiff was unsatisfactory to them; that his sales from December 1, 1888, to October 1, 1889, amounted only to about $11,000; that about October 1, 1889, plaintiff abandoned the work; that at divers times during his term of employment plaintiff refused to obey instructions, and that defendants had already paid him more than was due him. The reply was a general denial. There was a verdict and judgment for the plaintiff.

The defendants assign forty errors, mostly relating to the instructions and to the admission of evidence. We shall consider only two assignments, and those relating to the evidence. In order to their discussion a consideration of the pleadings and a reference to the manner in which the trial was conducted is necessary.

The plaintiff's theory upon the trial was that he had been employed for a year certain at a fixed salary of $2,000. The defendant's theory was that they had employed plaintiff upon a contract terminable at the will of either; that he was to draw during his employment at the rate of $2,000 per year, but that in no event was he to receive more than that sum, nor was he to receive, if his sales fell short of $30,000

per year, a greater sum than that which, added to his trav--
eling expenses, would amount to seven per cent of his sales.
It is extremely doubtful whether the pleadings presented
such issues.   The petition merely alleged, without dates, a
contract of employment at $2,000 per year, without stat-
ing the term of employment; that is, from all that appears
from the petition, plaintiff might have been employed for
an indefinite period, his pay to be at the rate of $2,000 per
year.   In the next place the petition, after stating this con--
tract, merely alleges a conclusion, that by reason of services
performed the defendants became indebted to him in a cer-
tain amount, without stating.the time he was employed or
other facts from which this conclusion was drawn.   The
answer alleged quite specifically the contract as defendants
claimed it to be, then alleged a voluntary abandonment of
the work by plaintiff, and alleged a breach of contract by
his refusing to obey instructions.   The evidence upon the
trial took a wide range.   The plaintiff undertook to prove
the contract as he claimed it to be.   The defendants under-
took to prove it as they alleged it.   They then undertook
to prove that Wertz was incompetent; that he wasted his
time; that his expense accounts were exorbitant; that he
had misrepresented to them the character of his services for
other firms prior to their engagement.   To rebut this the
plaintiff undertook to prove that defendants were dilatory
in advancing him money to pay his traveling expenses;
that they were about to go out of business and allowed their
stock to run down; that they were unable to fill the orders
which he sent them, and that his inability to make large
sales was due to their failure to properly fulfill their con-
tracts with purchasers.   The evidence was largely by de-
positions in narrative form, containing, hopelessly com-
mingled with competent evidence, statements as to the
contents of letters, arguments, and even invective against
the different parties.   With pleadings in such shape, the
case tried on such theories, and the evidence adduced in

7

such a manner, it is not surprising that the trial judge made some errors in the admission of evidence. His rulings were, under the circumstances, generally more accurate than could be expected.

Mr. Cushing, a member of the firm which had formerly employed Wertz, gave his deposition for the defendants to the effect that his firm had employed Wertz for two years; that the last year he sold less than $30,000, and that they deemed it to their interest to have him leave their employment. This was wholly irrelevant, but was received without objection. The plaintiff in rebuttal introduced in evidence two letters written by Cushing to Wertz at the close of his employment,—one wishing him health, happiness, and success, and stating that he had the best wishes of Cushing's firm; the other saying, "We wrote to Austrian, Wise & Co. and gave you a good setting-up." The admission of these letters was objected to. If Cushing's direct examination had been admissible, these letters might have been competent, in connection with some explanations he gave on his cross-examination, for the purpose of contradicting his statements that Wertz's employment had not been satisfactory and that he was not an efficient salesman; but Cushing's attention was not called in any way to these letters on his cross-examination. They were for that reason inadmissible to impeach him. They were also entirely immaterial to the issues, and the fact that the plaintiff had permitted his equally immaterial direct evidence to go in without objection rendered this evidence none the less objectionable when offered.

The deposition of one Carl A. Treusch was read in evidence by the plaintiff. This deposition consisted of a single question and its answer. Treusch was asked to relate his experience in dealing with the defendants and all matters in his knowledge pertaining to the case. He answered that he bought one bill of goods of the defendants, but found them not to be what he called square business men,

for the following reasons: He had bought a large bill of goods, among which there were some which the defendants did not send him, and then in detail he stated that the goods which were sent were not properly finished and were shelf worn; that the prices were not correct and the whole order not as it should have been; that he had always found plaintiff to be a straight, honest man; that he had bought goods before from him; that he was a good salesman, and knew the value of goods. On objection made to the question by the plaintiff, the court struck out the statement that the defendants were not what he called square business men, but admitted the rest of the answer.

We need enter into no argument to show the entire irrelevancy of all this testimony to the issues as made by the pleadings. It was of such a character that it may have influenced the jury, and the error was prejudicial. For the errors referred to the judgment must be reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.