LINCOLN SUPPLY COMPANY V. JOHNSON H. GRAVES.

FILED FEBRUARY 9, 1905.   No. 13,394.

1. **Evidence of Value.** A husband and wife are competent to express an opinion as witnesses concerning the value of their own household furniture.

2. **Evidence: REVIEW.** An insufficient objection to the competency of a witness cannot be availed of as an objection to the competency or relevancy of his testimony.

ERROR to the district court for Lancaster county: ALBERT J. CORNISH, JUDGE. *Affirmed.*

*Kirkpatrick & Hager,* for plaintiff in error.

*Talbot & Allen, contra.*

AMES, C.

This is an action for damages against a storage company for alleged injuries to household goods averred to have been occasioned by the negligence of the defendant while the property was in its possession as bailee for hire. There was a verdict and judgment for the plaintiff and the defendant prosecutes error. The principal witnesses for the plaintiff, who was a married man and the owner of the goods, were himself and his wife, who both testified to having purchased the articles and used them as household furniture, and to their cost price, and that they knew their condition and value at the time of the bailment and when they regained possession of them, and stated what in their opinion such values were. To each witness it was objected as follows: "To any testimony of the witness touching value for the reason that the witness has not qualified himself (herself) to testify as to the value of second-hand goods." The objections were overruled and the rulings are severally assigned for error. We think there was no error. It would be strange indeed if a head of family and his wife should be held incompetent to ex-

press an opinion concerning the value of their own household furniture. The degree of their competency and the weight of their testimony being, of course, left to the determination of the jury as in other cases.

The evidence as to values was conflicting, but the jury adopted the estimate of the plaintiffs, as they had a right to do, and this fact disposes of the remaining assignments of error, that the verdict is not sustained by the evidence, and that it is excessive and seems to have been given under the influence of passion and prejudice. There was considerable argument, both orally and by brief, in support of the contention that the evidence as to the cause of the injury and the time of its occurrence and amount of the damage is incompetent or irrelevant; but there is no assignment in the petition in error with respect to the competency or relevancy of evidence as distinguished from the competency of witnesses, and we therefore are not charged with the duty of considering the matter.

No reversible error is assigned, and we recommend that the judgment of the district court be affirmed.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.