Note.—Reported in 207 N. W. 87. See, Headnote (1), American Key-Numbered Digest, Appeal and error, Key-No. 1068(3, 4), 4 C. J. Secs. 3026, 3027; (2) Automobiles, Key-No. 262, Highways, 29 C. J. Sec. 448; (3) Automobiles, Key-No. 278, Highways, 29 C. J. Sec. 452; (4) Evidence, Key-No. 23(1), 23 C. J. Sec. 1985; (5) Highways, Key-No. 194, 29 C. J. Sec. 452; (6) Highways, Key-No. 197(1), 29 C. J. Sec. 463.

Duty of town to maintain barriers along rural highways or bridges, see notes in 42 L. R. A. (N. S.) 267, L. R. A. 1915F, 973.

---

CHRISTIANSEN, Respondent, v. BANKERS & SHIPPERS INSURANCE COMPANY, Appellant.

(207 N. W. 108.)

(File No. 5651.   Opinion filed January 23, 1926.)

1.  Appeal and Error—Evidence—Insurance Report Held Hearsay; Admission of Hearsay Not Reversible Error, in View of Admission by Defendant and Establishment of Plaintiff's Case Without Such Evidence.

In action on automobile theft policy, "insurance report" received by plaintiff through the mails, purporting to be a copy of parts of insurance policy, and certifying that a policy has been issued, but unauthenticated, and showing no relation be-

15—Vol. 49, S. D.

tween signer and defendant company, was inadmissible as hearsay, but its admission did not constitute reversible error, in view of admission by defendant of existence and terms of policy and establishment of an affirmative case by plaintiff without the insurance report.

2. **Pleading—Trial—Evidence—Required Proof Determined by Issues Joined by Pleadings.**

Proof required by plaintiff to sustain verdict is determined by issues joined by the pleadings. ·

3. **Insurance—Automobile Insurance—On Admission of Existence and Terms of Automobile Theft Policy, Proof Necessary to Recover Thereon Stated.**

In action on an automobile theft policy, where defendant admitted existence and terms of insurance contract, the plaintiff, to recover, need only prove her continued ownership of the car, its loss by theft during life of policy, its value at time of loss, and payment of note and mortgage on car to party holding policy as security.

4. **Trial—Evidence—If Any Part of Exhibit Admitted in Evidence, Though Hearsay, Is Used, Authenticity of Whole Exhibit Must Be Admitted.**

As respects an exhibit which plaintiff was permitted to introduce in evidence, though hearsay, if defendant seeks to prove anything by such exhibit it must admit the authenticity of the whole exhibit.

5. **Insurance—Warranty—Statement that Car Is Protected by Leland Lock Held Not Continuing Warranty.**

Where exhibit purporting to be a copy of an automobile theft policy, stated that car is protected by a Leland lock, but not that failure to keep lock in working condition would render policy void, there was no promissory or continuing warranty.

6. **Insurance—Negligence—Provision of Policy Exempting Insurer from Liability for Loss Due to Negligence of Insured of No Legal Effect, in View of Code.**

Statement in automobile theft policy that insurer should not be liable for loss from negligence is without effect, in view of Rev. Code 1919, Sec. 1443, providing that insurer is not exonerated by negligence of insured.

7. **Insurance—Evidence—In Open Policy, Value Is to Be Ascertained in Case of Loss.**

In action on an automobile theft policy, admitted by defendant to be an open policy, which Rev. Code 1919, Sec. 1418, defines as one in which value of thing insured is to be ascertained in case of loss, which definition was also contained in

policy, provision of policy that amount of recovery is limited to 90 per cent of the factory list price and to be reduced if list price is reduced does not apply.

8. **Insurance—Verdict—Appeal and Error—Evidence Held to Justify Verdict of Value of Car Before Theft.**

In action on automobile theft policy, evidence held sufficient to support a verdict of amount testified to by expert, being value of the car shortly before the theft.

9. **Insurance—Parties—Mortgagee of Car Held Not Necessary Party in Suit on Theft Policy.**

In action on automobile theft policy, where admissions of the answer showed that policy was issued to plaintiff on a car owned by her, and that policy was held by a corporation to protect its mortgage lien, mortgagee was not a necessary party, especially in view of proof that mortgage was paid.

Appeal from Circuit Court, Brown County; Hon. R. D. Gardner, Judge.

Action by Alma Christiansen against the Bankers' & Shippers' Insurance Company. Judgment for plaintiff, and defendant appeals. Affirmed, on condition of remittitur.

*Williamson, Williamson & Smith,* of Aberdeen, for Appellant.
*Campbell & Fletcher,* of Aberdeen, for Respondent.

MORIARTY, C. This is an action brought by the respondent to recover for the loss by theft of a certain Ford sedan.

The complaint alleges that the defendant is an insurance corporation, authorized under the laws of this state to issue policies insuring property against loss by fire or theft; that on June 27, 1922, defendant, in consideration of the payment of the stipulated premium paid by the plaintiff, made its policy of insurance insuring the plaintiff against loss by fire or theft in the sum of $587 upon a certain Ford sedan.

It is futher alleged that at the date of said policy, and at all times until its loss by theft, the plaintiff was the owner of said property; that on the 1st day of June, 1923, while the above-mentioned policy was in force, the said Ford sedan was stolen from plaintiff; and that, when so stolen, said sedan was of the value of $587.

These allegations are followed by the usual allegations as to due notice of loss, demand for payment, and refusal.

Defendant in its answer admits plaintiff's ownership of the car, and admits that the car was insured by defendant against loss by fire or theft, subject to the provisions of an open policy of insurance, which provided that, in case of loss, any sum due from defendant should be first payable to the National Bond & Investment Company in satisfaction of any sum due it upon a certain mortgage lien held by it, and the balance remaining after the satisfaction of said claim payable to plaintiff. It also admits defendant's corporate capacity and due notice of loss.

The answer sets up several distinct defenses: First, that, as the National Bond & Investment Company has a lien on the property, and is holding the policy, that corporation is a necessary party plaintiff, and in this connection the answer specifically describes the note and chattel mortgage constituting the alleged lien claim; second, that the policy provided that the same should be null and void, if the insured car be not equipped with an approved locking device, or if such locking device so installed be not used, and that, at the time of the loss as alleged by plaintiff, the car was not equipped with an approved locking device, and stood in the public streets in an unlocked condition and unattended, and that the loss, if any, was due to plaintiff's negligence in failing to lock and guard the car; third, that the policy provided that defendant should not be liable for loss caused by negligence of the plaintiff, and that said automobile would be kept in a garage when not in use ,and that at the time of the alleged loss the car was not in use and was not in a garage, but was left unattended upon the streets of Aberdeen throughout the night. And defendant denies on information and belief, that the car was in fact stolen.

The case was tried to a jury, and the following evidence was produced on behalf of plaintiff. In June, 1922, plaintiff purchased the Ford sedan from the Spaulding Automobile Company at Aberdeen. The car was bought on the installment plan, for $757.17, of which she paid one-third down. For the balance of the payment she gave an installment note whereby she promised to pay $539.28 in 12 monthly payments of $44.94 each. This note was payable to Spaulding Automobile Company, and was secured by a chattel mortgage on the car. This note was indorsed without recourse by the Spaulding Automobile Company to National Bond & Investment Company of Chicago, but there is no proof that the chattel

mortgage was ever assigned to the assignee of the note.  The plaintiff produced the note and chattel mortgage, and they were admitted in evidence.  They conform exactly with the note and chattel mortgage set forth in the answer.  On June 1, 1923, plaintiff still owned the car.  On that day she was at Seneca, and had left the car at Aberdeen in charge of one W. A. Reed, a young man of her acquaintance, who had frequently driven the car.  At the time the car was purchased the car was equipped with two locks—one the ordinary Ford ignition lock, and the other a device known as the Leland lock, which is designed to detach the steering wheel from the steering shaft, so that the wheel revolves without turning the shaft   Some days previous to June 1, 1923, the Leland lock had been tampered with, and it was not in operating condition on June 1st.  The ignition lock was in proper condition, and W. A. Reed had the key.  At about 11:30 in the evening of June 1, 1923, Reed left the car standing in the street in front of his residence in the city of Aberdeen.  In the morning the car was gone.  The car when left on the street that night was locked by the ignition lock, and Reed retained the key.  The car was never recovered.  An expert testified that he had examined the car at about the time of the loss, and that it was worth $550.

The plaintiff produced a paper marked Exhibit 4, which she received through the mails a few days after she bought the car. This paper is headed "Insurance Report," and purports to be a copy of parts of an insurance policy issued to Alma Christiansen and insuring against loss by fire or theft the Ford sedan involved in this action.  It states the amount of insurance at $587, and that the insurance was procured by the National Bond & Investment Company, Inc., and that the policy was in the possession of that corporation at Chicago, Ill.  The statement is signed by O. P. Alford & Co., by H. D. Blain.  Attached to this so-called insurance report is a pasted slip headed "Important," and stating:

"This is your certificate that insurance has been issued covering your automobile.  Keep in safe place, as duplicate cannot be issued."

And on the reverse side is what is called "an abstract of some of the principal provisions of the open policy under which this motor vehicle has been covered."  No evidence was offered to authenticate this writing further than that plaintiff received it

through the mails. There was no evidence produced to show any relation between the signer of this writing and the defendant in this case. The writing was received in evidence over the defendant's objection on the ground that there was no foundation laid, that it was incompetent, hearsay, and not binding on the defendant.

The evidence further shows that the amount of the insurance premium was included in the amount of cash and note given by plaintiff at the time of the purchase. It also shows that at the time the action was begun there was one installment of $44.49 still unpaid, but this was paid and the note surrendered before the trial. No policy was ever delivered to the plaintiff. At the trial the plaintiff's counsel demanded of defendant the delivery of the policy, but defendant's counsel stated that the policy could not be produced by them.

When the plaintiff rested, the defendant moved the court for the direction of a verdict in its favor on the following grounds: That there is no competent evidence of the terms of any insurance from the defendant to the plaintiff on the car in question; no competent evidence of the measure of damages or amount of loss; that the uncontradicted evidence shows that the car was lost, if at all, by the negligence of plaintiff.

The uncontradicted evidence shows that the car was equipped, and required to be equipped, with a Leland lock, and kept locked therewith, and such lock was not in working order and not locked when the car was stolen; that the uncontradicted evidence shows that the Natoinal Bond & Investment Company was part owner of the car and is not made a party to the action. This motion was denied. The defendant then rested, without offering any evidence, and, after resting, renewed its motion for a directed verdict.

This motion was again denied, and the case submitted to the jury. The jury returned a verdict for the plaintiff in the sum of $587, and interest from August 1, 1923. Judgment was entered in accordance with the verdict. Defendant's motion for a new trial was denied, and from the judgment and the order denying a new trial this appeal was taken.

In their brief appellant's counsel group their several assignments of error ,and argue them under what they term three distinct propositions.

[1]  Their first proposition is that the trial court erred in overruling appellant's objections to the admission of Exhibit 4 in evidence.  Counsel argue that this exhibit was not properly authenticated, and not connected with appellant so as to make it binding, and that it is mere hearsay.

Considered as a separate and independent proposition, these objections should have been sustained, and it was error on the part of the trial court to admit the exhibit.  But, for the reasons given in our discussion of counsel's second proposition, the error in admitting Exhibit 4 was not prejudicial to appellant; therefore the admission of the exhibit does not constitute reversible error.

Appellant's proposition No. 2 is that the evidence is insufficient to support the verdict.  Counsel specify six different items where in there is insufficiency of the evidence.  Items 1 and 2 are that no contract of insurance was proven to have existed between plaintiff and defendant, and there was no proof of the terms or conditions of any insurance policy.

[2, 3]  What a plaintiff is required to prove to sustain a verdict in his favor must be determined by the issues joined by the pleadings.  In paragraph II of the first defense set up in appellant's answer it is alleged that, on or about June 27, 1922, the Spaulding Automobile Company sold and delivered the car in controversy to the plaintiff.

In paragraph III of the same defense it is alleged that the said automobile was insured by the defendant against loss by fire or theft; that the contract was an open policy of insurance, and provided that, in case of loss, any sum due from the defendant should be payable first to the National Bond & Investment Company in satisfaction of any sums due to it upon a certain promissory note and chattel mortgage, both of which are fully described in the answer, and the balance, if any, to the plaintiff.

These allegations admit the existence of a contract of insurance between the parties to this action and the terms of such contract.  With these facts admitted, respondent, to recover in this action needed only to prove her continued ownership of the car, its loss by theft during the life of the policy, the value of the car at the time of its loss, and the full payment of the note and mortgage described in the answer.  These facts she established by evidence that is uncontroverted.

Items 3, 4, and 5 of appellant's proposition 2 are that uncontradicted evidence shows that the car was required to be equipped with a Leland lock, and that said lock should be used, and that such lock was not in use at the time of the loss; that the uncontradicted evidence showed that the insurer was not to be liable for loss occasioned by the negligence of the assured, and that the car should be kept in a garage when not in use, while the evidence shows that said lock was not in use at the time of the loss, and the car was negligently left in the street while not in use.

[4]  In arguing these contentions, counsel assume the peculiar attitude of considering that, for the purpose of proving any of the essentials of respondent's case, Exhibit 4 is not in evidence, while, for the purpose of proving any item of appellant's defense, it is in evidence.  It is true that respondent, having offered the exhibit, cannot question its authenticity, but it is also true that, if appellant seeks to prove anything by the exhibit, it must admit the authenticity of the whole exhibit; it cannot select certain things as established by it and say that it is not proof of the other things that it contains.  If there is anything relevant in the exhibit, it is relevant for the establishment of appellant's defense.  As we have previously stated, no part of it was required to make respondent's affirmative case.

[5]  But, even, considering the exhibit properly in evidence, it does not support the contentions of counsel.  So far as Exhibit 4 purports to be a copy of the policy, it contains but two statements bearing upon those contentions:  First, "This car is protected by Leland lock"; and, second, "Amount of insurance, $587, Term, 12 months from 6-27-22 to 6-27-23, at noon."

The statement as to the Leland lock is a representation, and the evidence shows that it was true.  There is no statement that a failure to keep the lock in working condition would render the policy void; therefore there is no promissory on continuing warranty in these words.  In addition to what purports to be a copy of part of the policy, the exhibit has a pasted slip setting forth the advice of some one, and what is said to be an "abstract of some of the principal provisions of the open policy under which this motor vehicle has been covered."  It does not purport to quote or copy any wording contained in the policy, and it does not enable us to say whether there are any provisions sufficient to make

any of these statements warranties or to make their breach render the insurance void.

[6] So far as the contentions now before the court are concerned, there is the statement that "the insurance company shall not be liable for loss or damage from negligence, unless the owner at all times shall take resonable precautions to protect the car. When not in use the car shall be kept in a garage." As to these statements section 1443, R. C., provides:

"An insurer is not liable for a loss caused by the willful act of the insured; but he is not exonerated by the negligence of the insured, or of his agents or others."

Nothing which appellant could put in the policy could avoid the provisions of this statute. Therefore a general statement that the insurer would not be liable for a loss due to negligence has no legal effect.

As to the statement "when not in use the car shall be kept in a garage," this is not so worded as to enable us to say whether the liability for a loss was made to depend upon this provision. Therefore we are not called upon to decide whether a car left standing in the street from one day's use to that of another is a car not in use.

[7] Under this proposition counsel further contend that the amount of the recovery is limited to 90 per cent of the list price at the factory, and is to be reduced if the list price is reduced. But the answer admits that the policy sued upon is an open policy, and section 1418, R. C., defines an open policy as follows:

"An open policy is one in which the value of the thing insured is not agreed upon, but is left to be ascertained in case of loss."

And the very paragraph of Exhibit 4 upon which counsel seems to rely contains the provision:

"The value of the automobile to be determined by the market value or cash value of the automobile at the time of the loss."

[8] There was proof of the purchase price of the car, and the time it had been in use; also the evidence of an expert as to the value at about the time of the loss. It is true that the verdict exceeded the valuation of this witness, but he testified that the car was worth $550 at the time he examined it, and this evidence was sufficient to support a verdict for $550.

All the matters referred to in this proposition, except the value of the car, were matters for the defense to prove, and might be very peremptorily disposed of by our holding that Exhibit 4 was erroneously admitted in evidence, but we have considered these contentions on the merits in order to satisfy ourselves that no injustice would be done by deciding the appeal on the mere technical holding that the respondent made her case without Exhibit 4, and that without it there was no defense.

[9] As to the contention that the policy was issued to the National Bond & Investment Company, and that corporation was a necessary party plaintiff, the admissions of the answer show that the policy was issued to respondent on a car owned by her, and the policy held by the corporation to protect its mortgage lien. There is no merit in the contention that the corporation was a necessary party, and proof that its claim was fully paid at the time of trial shows that there is no merit in the contention.

As we find no error in the record except that the verdict and judgment are in excess of any proven value of the car at the time of its loss the judgment and order appealed from will be affirmed on the following conditions:

Within 30 days after the handing down of this opinion the respondent shall file with the clerk of this court her written consent that the judgment may be reduced from $587, and interest. to $550, and interest at 7 per cent from August 1, 1923.

If such consent is so filed, judgment shall be reduced accordingly, and no cost of appeal shall be taxed against either party.

If such consent is not so filed within said period of 30 days, a new trial shall be granted, and costs of this appeal taxed against respondent.

CAMPBELL, J., disqualified and not sitting.