OMER W. VOGES, APPELLEE, V. MECHANICS INSURANCE COMPANY, APPELLANT.

FILED APRIL 3, 1930. No. 27042.

*C. C. Flansburg*, for appellant.

*Andrew P. Moran, R. H. Hagelin* and *Fields, Ricketts & Ricketts*, contra.

HEARD before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY and DAY, JJ., and MESSMORE, District Judge.

EBERLY, J.

This is an action on a fire insurance policy to recover damages for partial loss occasioned by fire, in the building insured, on the 7th day of November, 1927. There was a trial to a jury and verdict returned in favor of appellees for the sum of $5,432.66. Motion for new trial on behalf of the insurance company was overruled and judgment for this amount entered. The insurance company appeals.

The controlling question presented by the record is as to the correctness of the measure of damages as defined by the instructions and applied to the evidence then before the trial court. In fact, the substantial dispute between the parties is even more restricted. It may be said to be limited

to the question of damages to the rear or south wall of the building insured. The appellee sought to establish the damages to this portion of the building, as elsewhere, by proof of the work to be done and material needed to repair the building, and his evidence appears to be limited to these topics. Assuming this evidence of appellee to be true, it establishes only the cost of replacement of the damaged structure which is reflected in the verdict returned as the damages suffered and recoverable under the policy. In pursuance of this theory the district court instructed the jury:

"If you find from the evidence that the walls of the building are cracked or otherwise damaged by fire or water, or both, to such an extent that they would need be torn down and rebuilt, or repairs made to the walls, or any part thereof, which such damage and the cost of repairing said walls would be damages for which the plaintiff would be entitled to recover;" and also, "That the defendant, the insurance company, must accept the building in the condition in which it was at the time the insurance policy was written and cannot be heard to complain that the building may not have been a solid structure or that there may have been some defects in the walls prior to the date of insurance, but such defects can only be taken into consideration by you for the purpose of determining that, if there were such defects if the fire and water would have caused more damage than if the walls had been of solid structure, and, if so, that defendant would be liable therefor."

In this connection it appears that this building at the time of the fire occasioning the damage incurred had been constructed for 55 years. The brick used were soft sand brick, and the mortar, lime mortar. The rear wall was cracked and had been defective for more than 30 years prior to the date of the fire, and the evidence is to the effect that "the building had not been kept in repair." The effect of the litigation thus far is to require the insurance company to replace the wall which was defective and damaged prior to the fire by a wall substantially perfect in construction

and material irrespective of the relative value of each. Thus, in truth and in fact, the trial court establishes as a sole substantive measure of damages invokable as such by the insured that replacement, under the facts in this case, was the measure of recovery.

There is no substantial dispute between the parties on the fact that the loss comprising the cause of action in the present case is partial, and that therefore the policy in this case is an open one as contradistinguished from a "valued policy." It also fairly appears that the policy in dispute is "on a form prescribed by the department of trade and commerce as nearly as practicable in the form known as the New York standard" form. Comp. St. 1922, sec. 7836. The terms of this policy provide: "This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality. * * * It shall be optional, however, with this company * * * to repair, rebuild, or replace the property lost or damaged with other of like kind and quality within a reasonable time on giving notice, within thirty days after the receipt of the proof herein required, of its intention so to do." There is no question under the facts appearing in the record that the insurance company has not sought to avail itself of the option last quoted.

With reference to substantially identical policy provisions it has been said: "Now, unless it can be shown that they had not the right so to contract, or have used terms possessing some other than their ordinary meaning and import, this basis for estimating the loss thus established must control and govern. It is the law of the contract established by the parties themselves. Nothing has or can be shown, we think, to countervail their right so to contract in regard to the subject-matter mentioned, or which controls the ordinary meaning of the terms used by them. This has not

and cannot be done. The contract is so plain that interpretation is not needed to arrive at what was meant. The parties meant only what they have plainly said." *Commonwealth Ins. Co. v. Sennett, Barr & Co.*, 37 Pa. St. 205. The language employed in the policy in suit applies to partial destruction of property and prescribes that in such cases "the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however caused." And solely as a limitation of the liability thus expressed appear the words: "And shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality." In support of this conclusion it is to be noted that the quoted language is from the "New York standard form," and due to this fact decisions from the appellate courts of that state on this subject have a special importance. In consideration of the point suggested, the language quoted from the policy in suit was before the appellate court of New York in the case of *McAnarney v. Newark Fire Ins. Co.*, 247 N. Y. 176, in which it was determined that the provisions to the effect that the liability shall not exceed the cost of repair or of replacement is by its terms merely a limitation on the insurer's liability, and is not a substantive measure of damages which the insured can invoke. See, also, *McCready v. Hartford Fire Ins. Co.*, 61 App. Div. (N. Y.) 583.

In the case of *Citizens Savings Bank & Trust Co. v. Fitchburg Mutual Fire Ins. Co.*, 86 Vt. 267, the supreme court of that state in construing the identical provision here presented stated as its conclusion: "The policy makes the cash value of the building destroyed the basis of ascertainment, taking into account its previous depreciation from all causes; and makes the cost of present construction a mere limitation upon the extent of the recovery. The cost of a new building may limit the recovery, but cannot be made a controlling factor in the conduct of the inquiry. The cash value of the building destroyed is the fundamental fact to be established, and any evidence which has a legitimate

tendency to prove that fact is admissible." And it further declared: "The apparent purpose of the provision is to protect the insurer from appreciations of real estate values which are not caused by and do not depend upon the cost of construction. The policy does not make the cost of replacement the invariable test of actual cash value, but limits the recovery in cases where an ascertainment according to actual cash value would exceed that amount. The defendant may guard against a possible finding in excess of the cost of replacement by introducing evidence of what the cost would be. But it cannot confine the plaintiff to proof of that character by making the cost of construction the basis of ascertainment."

In the case of *Granite State Fire Ins. Co. v. Buckstaff Bros. Mfg. Co.*, 53 Neb. 123, in a case where the character of the property as to whether real or personal was in question, the rule was announced that the insured "may show the value as it was just before the fire, and its value just after, as affording data for the assessment of his damages, without attempting to classify the property as real or personal."

We therefore conclude that the controlling language heretofore quoted from the policy in suit applies to both partial and total losses, and, except as governed by our valued policy enactment, to real as well as personal property. As applied to a partial destruction of real estate the language: "The loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation however caused"—contemplates that the "actual cash value" of the building as it stood on the ground shall be compared with the "actual cash value" of the same building after the conclusion of the fire, and that the difference shall be taken as the measure of recovery, subject however to the limitation expressed in the terms of this policy. It would seem that when the owner of a building, damaged through the hazard of fire, has received compensation for his loss which, together with the then actual cash value of the damaged structure after the conflagration, con-

stitutes the equivalent of the actual cash value of the building immediately prior thereto, he, as assured, has been fully indemnified as contemplated by the terms of his contract. More than this he cannot exact. In the present case it would seem obvious that if the plaintiff be sustained in his claim for repairs, including the replacement of the rear wall, his building will then possess an actual cash value in excess of what it had prior to the time of the fire. It is evident therefore that the real error committed by the trial court was to regard the limitation stated in the terms of the policy, "and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality," as a substantive measure of damages instead of a limitation upon what might be otherwise recovered under the terms of the contract.

It follows, therefore, that the cause must be, and is, reversed and remanded for further proceedings consistent with this opinion.

REVERSED.