PATSY R. WITTE, APPELLEE, v. ROBERT L. LISLE ET AL., APPELLANTS.

171 N. W. 2d 781

Filed November 7, 1969. No. 37248.

John E. Finnigan and Wellensiek, Morrissey & Davis, for appellants.

Spencer & Hoch and Boland, Mullin, Walsh & Cooney, for appellee.

Heard before WHITE, C. J., CARTER, SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

McCOWN, J.

This is an action for damages arising out of a head-on collision near the crest of a hill and substantially in the middle of a gravel and crushed rock county road west of Nebraska City, Nebraska. The petition of the plaintiff, Patsy R. Witte, and the cross-petition of the defendant, Robert L. Lisle, each alleged negligence on the part of the other. The State of Nebraska was joined as a defendant by virtue of workmen's compensation payments to the defendant Lisle, and filed its cross-petition against the plaintiff for property damage to the automobile owned by it and driven by Lisle. The jury returned its verdict against the plaintiff on her petition, and in favor of the defendants, Robert L. Lisle and the State of Nebraska, on their cross-petitions. The district court set aside the verdict and judgment and granted plaintiff's motion for a new trial. The defendants have appealed.

The trial court assigned no specific reasons for its action. The rules applicable to such a case on appeal are set out in Greenberg v. Fireman's Fund Ins. Co., 150 Neb. 695, 35 N. W. 2d 772.

The first issue involves the admission into evidence of the opinion of an expert witness, Professor W. F. Weiland, as to the rate of speed of the plaintiff's car. In answer to a hypothetical question, Weiland testified over objection that the plaintiff's automobile was traveling at no less than 61 miles per hour. The objection to the question included in its grounds that the question failed to assume facts necessary to the conclusion or opinion thereon; assumed facts not in evidence; failed to assume necessary facts which were in evidence; and that there was no proper and sufficient foundation.

Weiland testified that in the method he used to determine the speed of plaintiff's car by including the impact, it was necessary to know the weight of each vehicle within 200 pounds; that it was also necessary to consider the damage to each of the vehicles and loss of energy in that damage; that when a thicker metal is crushed, it uses up more energy than a thinner metal; and that he likes to know the damage to the heavier frame members of the automobile rather than the "tomato can" construction of fenders, etc.

There was no evidence whatever in the record as to the weight of either vehicle, loaded or unloaded. Standard unloaded weight tables for specific cars would apparently be inadequate by themselves in view of the substantial weight difference involved in various accessories which might be attached to the same model of a modern automobile. The evidence also did not disclose load weight information for either vehicle. Weiland had not examined either of the vehicles, but only photographs. The photographs did not show the thickness or weight of frame construction nor the damage to it.

The hypothetical question did not ask Weiland to make any assumptions as to these factors which he himself had testified were essential in reaching a reasonably accurate opinion under the method he used, and there was no evidence in the record to support any spe-

cific assumption on these factors.

In Brugh v. Peterson, 183 Neb. 190, 159 N. W. 2d 321, this court expressed its view that it was error to permit the expert witness there to state his opinion as to the speed of the automobile, including the impact, and that his testimony should have been confined to speed based upon skid marks only. Even if it be assumed that the head-on collision here does not fit the facts of the Brugh case, the result is not changed. It is clear, on Weiland's own testimony, that the foundation for the expert opinion here was inadequate; that the hypothetical question failed to assume facts necessary to the opinion expressed; and that such facts were not in evidence. A hypothetical question as to the rate of speed of a vehicle must include all factors necessary for a reasonably accurate opinion, and all such factors must be supported by the evidence. Brugh v. Peterson, *supra*.

The plaintiff also contends that the trial court erred in admitting testimony of a city police officer of Nebraska City as to a conversation he had with the plaintiff sometime before the accident on the morning of January 23, 1967. Over an objection that the conversation was hearsay, and was incompetent, irrelevant, and immaterial, the officer was permitted to testify that plaintiff inquired about the legality of driving an automobile to Otoe on an in-transit license. The officer told her that if the in-transit plates had expired, it would be unlawful to drive it, and she would be subject to arrest. The officer then testified that the plaintiff "said something about— she wondered if they'd be patroling the back roads or the country roads, or something to that effect."

The evidence was undisputed that plaintiff's automobile which was involved in the accident was properly licensed. There are clear inferences that a different automobile driven by her son might have had in-transit plates. That automobile was a separate automobile. Although her son was driving it some distance ahead

of her on the road, it had nothing to do with this accident. It is difficult to find any purpose in this testimony except to prejudice the plaintiff before the jury. The evidence was apparently irrelevant and immaterial. It had nothing to do with her automobile or with the issue of her negligence in this accident.

Proof in the trial of a jury case should be confined to the issues made by the pleadings, and the admission of testimony wrongfully received in a case tried to a jury is prejudicial error where it may have influenced the verdict. Borden v. General Insurance Co., 157 Neb. 98, 59 N. W. 2d 141. The trial court may well have determined that this evidence may have influenced the result, and that its reception was prejudicial error.

The district court's action in setting aside the verdict and judgment and granting a new trial was correct and is affirmed.

AFFIRMED.

NEWTON, J., concurring in part and dissenting in part.

I am in accord with the result arrived at in this case and agree that the hypothetical evidence pertaining to speed was erroneously admitted and was prejudicial.

I also agree that the evidence regarding plaintiff's statements about driving an improperly licensed automobile should not have been admitted. I do not agree, however, that this evidence was prejudicial.