STATE OF NEBRASKA, APPELLEE, v. EDWIN A. LEE, APPELLANT.

243 N. W. 2d 53

Filed June 9, 1976. No. 40416.

Murphy, Pedersen & Piccolo and LeRoy Anderson, for appellant.

Paul L. Douglas, Attorney General, and Ralph H. Gillan, for appellee.

Heard before Spencer, Boslaugh, McCown, Newton, Clinton, and Brodkey, JJ.

Newton, J.

The defendant appeals from his conviction of assault with intent to inflict great bodily injury. Assignments of error deal with the alleged improper admission of impeachment testimony and of a failure to prove an intent to inflict great bodily injury. We reverse the judgment of the District Court.

The evidence reflects that on the night in question the complaining witness, Frank Torres, and Domingo Reyes were riding around and drinking. They stopped at a filling station where Regan Lee worked, got some gas, and Domingo Reyes struck Regan in the face. Later that evening Regan Lee met his brother Ronny Lee, Kent Rutter, Steve Hirsh, and the defendant, who is not related to Regan or Ronny Lee. Due to the incident at the filling station, they set out to find Frank Torres and Domingo Reyes and late that night, they met them at a Dairy Queen. Some argument ensued between the defendant and Torres, and between Reyes and the other boys. Torres was knocked down by the defendant. The defendant said he used his fist and afterwards got a heavy steel bar and struck Torres on the chest; also, that cuts on Torres' head were received when his head struck an automobile door as he fell. The State's evidence indicates that the cuts on Torres' head resulted when he was twice struck on the head with the steel bar. There were two cuts, each requiring four stitches.

The evidence was quite conflicting and defendant maintained he acted in self-defense. Ronny Lee testified that he did not see either blow struck but saw Torres as he was falling. After the fracas several of them went to the defendant's apartment. Ronny Lee stated that he

stayed at the defendant's apartment that night and never left until the next day. The State, without having questioned Ronny Lee in regard thereto and over objection, introduced a witness who testified that he saw Ronny Lee and Kent Rutter in his donut shop after 2 a.m. following the incident in question and both said that the defendant had "smacked" Torres in the head with a pipe. Kent Rutter was not called as a witness. The court did not instruct the jury that this evidence was admitted for impeachment purposes only.

"Where a witness is called for the purpose of impeaching a witness on the trial, the evidence of such witness is not admissible unless a foundation for such impeachment has been laid by calling the attention of the witness to be impeached to the alleged inconsistent acts or statements, and giving him an opportunity to state whether or not he performed such acts or made such statements. * * *

"The impeachment of a witness by showing contradictory statements made by him is admitted solely for the purpose of discrediting the reliability of the witness; it is not substantive evidence of the facts stated." State v. Witmer, 174 Neb. 449, 118 N. W. 2d 510. See, also, State v. Gundlach, 192 Neb. 692, 224 N. W. 2d 167.

The admission of the impeaching evidence was obviously error. The State asserts it was error without prejudice. We cannot agree. Both Ronny Lee and Kent Rutter were present at the fight. These hearsay statements indicated that Ronny Lee and Kent Rutter had seen Torres struck with the steel bar or knew that to be the case, yet Ronny Lee denied seeing any blow struck and Kent Rutter was not called as a witness. The statements made by Ronny and Kent were not necessarily contradictory of Ronny's testimony as he may have heard this although he did not witness it. It is doubtful that it was proper impeachment evidence under the existing circumstances and in the absence of a cautionary instruction, it was likely considered by the

jury as evidence of guilt. In view of the conflicting evidence, we are prone to believe that this evidence could well have affected the verdict. "The admission of testimony wrongfully received in a case tried to a jury is prejudicial error where it may have influenced the verdict." Witte v. Lisle, 184 Neb. 742, 171 N. W. 2d 781.

In regard to defendant's second assignment of error, we note that defendant does not deny that he assaulted Torres. If he used a heavy steel bar in doing so it was for the jury to determine whether he had the intent necessary to constitute an assault with intent to inflict a great bodily injury.

The judgment of the District Court is reversed and the cause remanded for a new trial.

REVERSED AND REMANDED FOR A NEW TRIAL.